244 A.2d 853.

THE ATLANTIC REFINING COMPANY *vs.* DIRECTOR OF PUBLIC WORKS FOR THE STATE OF RHODE ISLAND.

AUGUST 6, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

[5] Barron & Holtzoff, *Federal Practice & Procedure,* §1232.2 (supp. 1967 at p. 78).

KELLEHER, J. The present appeal was taken by the director of public works for the state of Rhode Island, hereinafter referred to as the state, from a judgment entered by a superior court justice in accordance with the mandate issued by this court in the *Atlantic Refining Co.* v. *Director of Public Works*, 102 R. I. 696, 233 A.2d 423.[1] The present case concerns itself with the amount of interest to which the Atlantic Refining Company, hereinafter sometimes referred to as the condemnee, is entitled on the award of money it received as compensation for the taking of its property for highway purposes by the state.

The state concedes that the condemnee is entitled to receive some interest on the money judgment it was awarded in the condemnation suit for the time between the entry of the judgment[2] and the payment of the money due therefrom. What is in dispute, however, is the method for computing that interest. The state contends that the condemnee should receive a flat 6 per cent rate of interest based upon the original sum fixed as compensation for the fair market value of the property at the taking date. The con-

---

[1] The present appeal is but the latest chapter in the continuing dispute between the instant litigants. In addition to the above citation, see *Atlantic Refining Co.* v. *Director of Public Works*, 98 R. I. 167, 200 A.2d 580.

[2] Although this case was tried under the rules of procedure formerly in effect in the superior court, its appeal was taken subsequent to January 10, 1966, the implementation date of the new rules of civil procedure of the superior court. In accordance with our well-established policy, we shall hereafter, where appropriate, insert the vocabulary of the new rules. Hence, the trial justice's decision in this case will be referred to as a judgment.

demnee, on the other hand, argues that it is entitled to a 6 per cent interest on the amount of money which it was awarded by the judgment rendered in the superior court from the date of the judgment to the date of its full payment. The state vigorously objects to the condemnee's computation because, it argues, to accept the condemnee's mathematics really results in a compounding of interest. In pressing this objection, the state points out that the principal sum on which the condemnee would have us compute interest is the total-dollar figure contained in the judgment of the trial justice which concededly contains a sum of interest[3] for the period between the date of the taking and the date on which the decision below was entered.

Since neither side would yield in its contentions, the state agreed with the Atlantic Refining Company to pay the sum of $480,763.20, which amount was not in dispute. Thereafter, in order to resolve their impasse, condemnee filed a motion for entry of final judgment and accompanied it by a stipulation which summarized the contentions and views of the respective parties. The motion was argued before a superior court justice who ruled in favor of the condemnee; accordingly, a judgment in the sum of $495,457.87 was subsequently entered by him. The balance of $14,694.67, which represents the numerical difference between the two methods of interest computation advocated by the instant litigants, is the sum with which we are here concerned.

Whenever the power of eminent domain is exercised, a constitutional right arises in favor of the owner whose land has been taken thereby to be justly compensated for his loss. *City of Newport* v. *Newport Water Corp.*, 57 R. I. 269, 189 A. 843; *Southern New England Ry. for Condemnation*, 38 R. I. 216, 94 A. 738; Rhode Island Constitution, art. I, sec. 16. Although there is no legal command to do

---

[3]The amount of interest which was included in the original judgment of the superior court was not insubstantial. It totaled $91,384.

so, in the ideal order of things payment to the owner of the present market value of his land should be made contemporaneously with its appropriation. *Cf. In Re Pawtucket & Central Falls Grade Crossing Comm'n,* 36 R. I. 200, 89 A. 695. In reality, because of the time it necessarily takes to ascertain the extent of the damages suffered by those forced to surrender their land to public use, there is invariably an interval of time between the moment when the sovereign acquires the property and the moment when payment is eventually made. In recognition of this fact, it is well settled that in order to be justly compensated for his land, the owner is entitled to an additional sum of money in the form of interest running from the time full payment ought to have been made until the time it actually was made. The interest is, in a sense, not part of the damages for the taking but is awarded the owner for the detention of the monetary payment after it had been justly due him. *Whitman* v. *City of Providence,* 44 R. I. 33, 114 A. 183. Virtually all respectable authorities on this subject are in accord with the above-recited principles. See 3 Nichols on *The Law of Eminent Domain* (rev. 3d ed.), §8.63, p. 150; 1 Orgel, *Valuation Under the Law of Eminent Domain* (2d ed.), §5, p. 19; 2 Lewis, *A Treatise on the Law of Eminent Domain in the United States* (3d ed.), §742, p. 1319; Jahr, *Law of Eminent Domain Valuation and Procedure,* sec. 176, p. 290.

Essentially, what the parties disagree about in the instant appeal is how interest should be computed in condemnation suits for the period of time which extends between the date on which a judgment is entered in the superior court for the condemnee and the date on which that judgment becomes final. This time period will vary depending on whether an appeal is taken by either party to the law suit.

The condemnee here asserts that it is entitled to interest at 6 per cent computed on the judgment entered in its

favor by the superior court justice who heard the case for the time between the entry of the judgment and the time it became final after our disposition of the state's appeal, notwithstanding the fact such a computation results in a compounding of the interest which formed a part of the trial justice's judgment. The state argues that no compounding of interest should be awarded and suggests that the condemnee merely be given interest at the rate of 6 per cent on the amount determined to be the fair market value of the property at the date of the taking for the time which extends between the date of the taking and the date of final judgment.

We are inclined to agree with the general theory advanced herein by the state. Really, the condemnee's argument here is based upon the unmentioned premise that once it has been awarded a judgment from the trial court it should be considered to possess a firm legal right to the total sum of money which is spelled out in that judgment. Only if it could be said that the condemnee possessed such a vested and immutable entitlement to the money awarded to it by the superior court, would we be justified in allowing the condemnee to receive interest on the trial court's judgment during the pendency of an appeal of such a judgment.

Since we cannot bring ourselves to agree with the condemnee's basic premise, we are unable to subscribe to the theories advanced here by it. Under Rhode Island law, the prevailing party at a trial who receives a judgment in its favor, takes nothing more thereby than an inchoate right to execute thereon when and if such a judgment ripens into a final adjudication of the rights and liabilities of the litigants. Clearly, under the rules of civil procedure now operative in the superior court, finality does not attach to a judgment entered by one of its justices until the happening of either the expiration of the time period prescribed

for the taking of an appeal with no appeal ever having been taken, or, in the event of an appeal, the affirmance by us of the judgment.[4] Thus no judgment of the superior court may draw interest as provided for in G. L. 1956, §9-21-8, as amended, until it becomes final, for only then is the party in whose favor the judgment lies considered to have his rights thereunder perfected and confirmed; only then can full execution be obtained thereon.

A review of our statutory history on judgments and interest computed thereon, reveals to our satisfaction that the legislature never intended that a litigant be entitled to interest on any judgment save one deemed to be final. While the predecessor of §9-21-8, as amended, speaks of judgments drawing interest until the date of their discharge, it must be remembered that the term "judgment" as it was employed therein referred to the terminology of the common-law rules of procedure formerly in effect in this state. Under the common-law rule, a trial justice could not enter a judgment until either the expiration of the appeal period without any appeal having been pursued or the affirmance of the lower court's verdict or decision by an appellate tribunal.[5] Moreover, since interest on judgments was not known at common law, but rather was a statutorily created right, we will adhere to the long revered and often reiterated principle of strictly construing statutes in derogation of the common law so as not to extend liberally the limitations or regulations which the legislature has deemed worthy of enacting. *Blair* v. *Durham,* (6th Cir. 1943), 139 F.2d 260; Annotation at 1 A.L.R. 2d 479, and cases cited therein. See also *Gaspee Cab, Inc.* v. *McGovern,* 51 R. I. 247, 153 A. 870.

Hence in the instant matter we hold that the condemnee

---

[4]Rule 62(a).

[5]See G. L. 1956, §9-21-9, which was repealed when the new rules of civil procedure were adopted.

is entitled to receive interest at a flat 6 per cent from the day that its property was taken to the day that final judgment was entered in its favor. We are of the firm conviction, however, that the condemnee is entitled to interest on the full amount of the final judgment or any unpaid part thereof from the date the final judgment was entered until the date such judgment is fully discharged, notwithstanding that a portion of that amount may include interest computed on the original obligation. To us this principle is eminently fair, even though it results in a partial compounding of the interest, because once final judgment has been entered, the condemnee possessed a clear, unqualified right to the full amount set forth in that judgment. Thus any postponing of payment in full satisfaction thereof should be compensated for by the imposition of interest thereon. See 2 Lewis, *supra,* at 1324.

The defendant's appeal is sustained; the decision of the trial justice is reversed; and the case is remitted to the superior court with direction to modify the judgment appealed from in accordance with this opinion.

*Letts & Quinn, Andrew P. Quinn, Daniel J. Murray, Jerome B. Spunt,* for plaintiff.

*Alexander G. Teitz,* Assistant Counsel, for defendant.