274 A.2d 433.

JOHNSTON BUSINESSMEN'S ASSOCIATION *et al. vs.* MARIO R. AARUSSILLO *et al.*

MARCH 5, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. The plaintiffs are an incorporated taxpayers' association and several individual taxpayers of the Town of Johnston. In their complaint they allege that the municipal taxes assessed for 1969 are illegal. They ask that the tax rolls be corrected and refunds be made to them and all other taxpayers similarly situated. There are three defendants. They are the town administrator, the tax assessor and the town's director of finance.[1] Each defendant filed a motion to dismiss the complaint because of its failure to state a claim upon which relief could be granted. A justice of the Superior Court granted the motions to dismiss.

The grounds upon which defendants' motions were granted may be summarized as follows. (1) The town administrator and the director of finance were determined to be improper party defendants because G. L. 1956, §44-5-26, as amended by P. L. 1968, chap. 163, sec. 2, provides that any action seeking relief from an alleged overassessment or an illegal tax is to be brought against the tax assessor and no other municipal officer. (2) The dismissal of the suit against the assessor was based on the trial justice's finding that plaintiffs had not filed an account before commencing this action; that the taxpayers' association was not an aggrieved party because it had not been organized at the time the tax was levied and assessed; that other plaintiffs had

---

[1]The director is also being sued in his capacity as town treasurer, tax collector and town auditor.

failed to allege sufficient facts to maintain this suit; and that §44-5-26 does not allow a class action.

At oral argument the litigants made several concessions. The plaintiffs admitted that the town administrator and the director of finance are not proper parties to the action. They also agreed that the corporation was not a taxpayer and it could not bring suit. The assessor conceded that a taxpayer who alleges an illegal tax need not file an account prior to bringing suit.

All parties admitted that from a pleading point of view, the individual plaintiffs have alleged in their complaint sufficient facts which, if proven, would show the imposition of an illegal tax and their right to relief. After totalling up the various concessions and agreements made before us, we find that the sole issue remaining to be determined by this court is whether the individual plaintiffs have a right to maintain this action as a taxpayers' suit which may otherwise be described as a class action. We believe that they do.

Class actions have been awarded judicial recognition in this jurisdiction where the interested parties to a suit are numerous. We have in the past permitted a bill in equity to be filed by one or more complainants in his or their behalf and in behalf of all others interested who may come in and take on the prosecution of the suit. *Vernon* v. *Reynolds,* 20 R. I. 552, 40 A. 419. Long before the adoption of the Superior Court's new Rules of Civil Procedure, we have permitted taxpayers to maintain a class action by the filing of a bill in equity which questions the validity of the whole tax and its assessment on every person taxed. In such circumstances we have ruled that equity shall take jurisdiction of suits brought by one or more taxpayers who are suing in their own behalf and in behalf of all other taxpayers. This was done to avoid a multiplicity of suits. *McTwiggan* v. *Hunter,* 18 R. I. 776, 30 A. 962 (1895); *Sherman* v. *Benford,* 10 R. I. 559 (1873).

It is true, as defendant assessor points out, that §44-5-27 stipulates that a taxpayer who alleges that an assessment is void or illegal as against him shall be restricted to the remedy provided by §44-5-26. If a taxpayer demonstrates to the court that he is a victim of an illegal tax, he is entitled to recover that portion of tax assessed against his property which is illegal. He may not, however, under §44-5-26, have an order entered directing the return to other individuals the illegal tax assessed against them. The tax assessor, however, apparently overlooks another portion of §44-5-27 which states that while the remedy afforded by §44-5-26 shall be exclusive, "* * * in a proper case the taxpayer may invoke the equity jurisdiction of the superior court * * *." A taxpayers' class action certainly was an appropriate matter for equity's jurisdiction. In the light of the long standing judicial policy in this state to allow this type of suit, we find it hard to believe that the General Assembly, when it first enacted the statutory predecessor of §44-5-27 in 1935, intended to bar the commencement of a taxpayers' class action. The language of the statute in speaking of equity is not clear-cut by any manner or means. A taxpayers' suit was a common law right. If a statute is to be construed as repealing the common law, such an intention must be expressly declared by the Legislature. *State* v. *Shapiro*, 29 R. I. 133, 69 A. 340; *Langlois* v. *Dunn Worsted Mills*, 25 R. I. 645, 57 A. 910. We can find no explicit provision in §44-5-27 which would warrant a holding that this legislation now bars a taxpayers' class action.

Even if we were to assume that §44-5-27 bars a taxpayers' suit, the individual plaintiffs could still maintain their present action.

The Superior Court Rules of Civil Procedure became effective in January 1966. Rule 23(a) thereof provides:

> "(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring

them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued."

This rule amounts to the reaffirmation of the doctrine enunciated in *McTwiggan*. Any suit initiated pursuant to §44-5-26 is subject to the new rules. If the assessor's view of §44-5-27 is correct, the statute conflicts with Rule 23(a). When such a conflict appears, the rule prevails over the statute. *Gilbert* v. *Girard*, 108 R. I. 120, 272 A.2d 691. Rule 23 authorizes a class action. The individual plaintiffs may return to the Superior Court and proceed with this litigation.

The corporate plaintiff's appeal is denied and dismissed. The individual plaintiffs' appeal is sustained and the case is remanded to the Superior Court.

*DelSesto & DelSesto, Christopher T. DelSesto, Jr.,* for plaintiffs-appellants.

*John P. Bourcier,* for defendants-appellees.