**Pauline ANDRADE**

v.

**STATE.**

**No. 80–185–Appeal.**

Supreme Court of Rhode Island.

Aug. 12, 1982.

Reargument Denied Sept. 9, 1982.

Nugent & Nugent, J. Joseph Nugent, Jr., Providence, for plaintiff-appellee.

Dennis J. Roberts, II, Atty. Gen., Joseph F. Dugan, Sp. Asst. Atty. Gen., for defendant-appellant.

OPINION

SHEA, Justice.

This case is before us on appeal by the State of Rhode Island from the denial in the Superior Court of its motion to amend a judgment which had been rendered against it. The state had sought to eliminate prejudgment interest from the award. We sustain the appeal and enter judgment in the amount of $50,000.

The plaintiff brought suit in the Superior Court alleging that her son, a resident of the Rhode Island training school for youth, lost his life due to the negligence of state employees during a fire in that institution. The action was brought under the provisions of G.L.1956 (1969 Reenactment) §§ 9–31–1 and 9–31–2, as enacted by P.L. 1970, ch. 181, § 2.[1] This act, the State Tort Claims Act, so-called limits the liability of the state in tort to $50,000. The jury awarded the plaintiff $90,247 which the trial justice properly reduced to $50,000. However, interest at the statutory rate, provided in the prejudgment interest statute was added to the reduced award which resulted in a total recovery against the state of $71,675, plus costs.

In due course the state filed a timely motion under Superior Court Rules of Civil Procedure 59(e) to amend the judgment to eliminate recovery in excess of $50,000. The motion was denied by the trial justice and the state filed this appeal.

The issue before us may be stated thus: Does the prejudgment interest statute § 9–21–10 apply to tort actions against the state. If that answer is in the affirmative, the next question is: May interest be awarded where the resulting judgment would exceed the $50,000 statutory tort liability limit applicable to the state.

The question of whether the general prejudgment interest statute applies to judgments based on the State Tort Claims Act is a question of first impression in Rhode Island. The answer to this question will depend strictly on our interpretation and construction of the two statutes in question.

This court has held that because the right to receive interest on judgments was unknown at common law as it is a right created by statute, the court will strictly construe any statute that awards interest on judgments so as not to extend unduly the changes enacted by the legislature. *Gott v. Norberg*, R.I., 417 A.2d 1352, 1357 (1980); *Atlantic Refining Co. v. Director of Public Works*, 104 R.I. 436, 441, 244 A.2d 853, 856 (1968). Because we are strictly construing the statute, we should avoid reading anything into the statute by implication.

▬ It is also the general rule that a statute waiving sovereign immunity, which is also in derogation of common law, must be strictly construed and whatever right of recovery is to be ascertained against the state must be expressly mentioned in the waiver of the immunity statute. *Brown University v. Granger*, 19 R.I. 704, 36 A. 720 (1897). The waiver of a common-law right inuring to the state, like the waiver of any other known right or privilege should not be lightly inferred. *City of Providence v. Solomon*, R.I., 444 A.2d 870, 875 (1982). The court must find that the relinquishment or abandonment of a known right or

---

1. General Laws 1956 (1969 Reenactment) § 9–31–1 provides as follows:

   "*The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in § 9–1–25, hereby be liable in all actions of tort in the same manner as a private individual or corporation, provided however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter.*"

   General Laws 1956 (1969 Reenactment) § 9–31–2, as amended by P.L.1974, ch. 39, § 1, provides as follows:

   "In any tort action against the state of Rhode Island, any damages recovered therein shall not exceed the sum of fifty thousand dollars ($50,-000); provided, however, that in all instances in which the state was engaged in a proprietory function in the commission of such tort, or in any situation whereby the state has agreed to indemnify the federal government or any agency thereof for any tort liability, the limitation on damages set forth in this section shall not apply."

privilege is intentional. *Marrapese v. State*, 500 F.Supp. 1207, 1212 (D.R.I.1980). In construing a waiver of immunity statute, it is presumed that the Legislature did not intend to deprive the state of any part of its sovereign power unless the intent to do so is clearly expressed or arises by necessary implication from the statutory language. *Brown University v. Granger, supra.*

We turn now to the statutes in question. Section 9–31–1 of the Act declares that the state shall "be liable in all actions of tort in the same manner as a private individual or corporation." At first glance, this phrase would seem to imply that the state like private individuals is subject to the provisions of the prejudgment interest statute, § 9–21–10, once damages have been awarded. However, keeping in mind the strict statutory construction that we must apply, we cannot make that assumption.

Reading the act as a whole, it is apparent that the liability of the state that is to be "in the same manner as a private individual" refers to liability for damages only. Section 9–31–1 further provides that "any recovery in such action shall not exceed the monetary limitations thereof set forth in the chapter." The monetary limitations of § 9–31–2 set a ceiling of $50,000 for "any damages recovered." Also, the same $50,000 limit for "any damages recovered" is placed on actions against cities and towns. Section 9–31–4 provides that the general assembly, by special act, may authorize actions in tort against cities and towns in particular cases where "the amount of damages to be recovered" may exceed $50,000.

■ Clearly, interest is not an element of damages. The word "damages" refers to compensation for an injury sustained. *See DeSpirito v. Bristol County Water Co.*, 102 R.I. 50, 227 A.2d 782 (1967). Although interest serves to compensate a plaintiff for the loss of use of funds, interest added to a judgment is distinguishable from interest as an element of damage. The former is added to a general verdict by the court whereas the latter is awarded by the jury as part of a verdict. Statutory interest is not part of

the substantive right of action but is exclusively an incident attached thereto by legislative fiat after such right has been adjudicated. *Foster v. Quigley*, 94 R.I. 217, 179 A.2d 494 (1962). Thus, we hold that since prejudgment interest is purely statutory and is peremptorily added to the verdict by the clerk of the court, it is not an element of damages. *See Pray v. Narragansett Improvement Co.*, R.I., 434 A.2d 923 (1981).

■ Had the legislature intended to expose the state treasury to the additional financial burden of prejudgment interest it could have so provided easily. Having failed to do so, we decline to incorporate the prejudgment interest statute into the State Tort Claims Act especially in view of the fact that the act expressly and consistently refers to the liability of the state in terms of damages only. As this court has previously declared, "we will not attribute to the General Assembly an intent to depart from the common law unless such an intent is expressly and unmistakably declared." *Westerly School Committee v. Westerly Teachers' Association*, 111 R.I. 96, 102, 299 A.2d 441, 445 (1973); *see also Johnston Businessmen's Association v. aaRussillo*, 108 R.I. 257, 274 A.2d 433 (1971).

The same result was reached by the Washington Supreme Court in *Fosbre v. State*, 76 Wash.2d 255, 456 P.2d 335 (1969). In *Fosbre*, a Washington statute waiving sovereign immunity provided that the state "shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation." *Id.* at 257, 456 P.2d at 336. The issue was whether the state was liable for interest on a tort judgment under the general post-judgment interest statute. The majority of the court held that the phrase "to the same extent as if it were a private person or corporation" did not reflect a legislative intent that the state be liable for interest on a tort judgment. The court reasoned that providing for the addition of interest to judgments for damages was a legislative and not a judicial function. For the state

to be liable for interest, the statute should have expressly so provided. *Id.*[2]

In view of our finding that the prejudgment interest statute does not apply against the state, there is no need to reach the second question posed.

The appeal is sustained, judgment shall enter in the amount of $50,000 and the papers of the case are remanded to the Superior Court.

BEVILACQUA, Chief Justice, with whom KELLEHER, Justice, joins, dissenting.

The sole issue before us is whether prejudgment interest must be added to the amount recoverable against the state under G.L.1956 (1969 Reenactment) § 9–31–1, as enacted by P.L.1970, ch. 181, § 2, and, if so, whether the total judgment may exceed the maximum amount of damages recoverable under the act.

Our opinion turns on the following language of § 9–31–1 and of the prejudgment interest statute.

Section 9–31–1 provides that

"[t]he state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in § 9–1–25, hereby be liable in all actions of tort in the same manner as a private individual or corporation, provided however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter."

Section 9–31–2, as amended by P.L.1974, ch. 39, § 1, provides that

"[i]n any tort action against the state of Rhode Island, any damages recovered therein shall not exceed the sum of fifty thousand dollars ($50,000); provided, however, that in all instances in which the state was engaged in a proprietory function in the commission of such tort, or in any situation whereby the state has agreed to indemnify the federal government or any agency thereof for any tort liability, the limitation on damages set forth in this action shall not apply."

At the time the judgment was entered, the prejudgment interest statute, G.L.1956 (1969 Reenactment) § 9–21–10, as amended by P.L.1977, ch. 10, § 1 provided that

"[i]n any civil action in which a verdict is rendered or a decision be made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of eight per cent (8%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. This section shall not apply until entry of judgment or to any contractural [sic] obligation where interest is already provided or as to any condemnation action." [3]

In enacting § 9–31–1, the Legislature intended to reduce the broad notion of sovereign immunity.[4] *Calhoun v. City of Providence*, 120 R.I. 619, 390 A.2d 350 (1978). As the majority points out, it is well established that because a waiver-of-immunity statute is in derogation of the common law, it must be strictly construed. *See Brown University v. Granger*, 19 R.I. 704, 36 A. 720 (1897). In construing a waiver-of-immunity

---

2. It should be noted that in response to *Fosbre v. State*, 76 Wash.2d 255, 456 P.2d 335 (1969), the state legislature passed a statute allowing the recovery of interest from the state in tort actions. Wash.Rev.Code Ann. § 4.56.115 (West Supp.1981).

3. Under the present interest statute, enacted by P.L.1981, ch. 54, § 1, the interest rate is 12 per cent per annum.

4. Although G.L.1956 (1969 Reenactment) § 9–31–1, as enacted by P.L.1970, ch. 181, § 2, reduces the sovereign immunity of the state, the Legislature did not intend to impose liabili-

ty on the state for any and all acts or omissions of its employees or officers who might cause injury to persons. *Calhoun v. City of Providence*, 120 R.I. 619, 390 A.2d 350 (1978). Certain governmental functions cannot be the subject of tort claims because important societal interests are at stake. *Id.* Thus, activities such as judicial decision making and the enforcement of the criminal law by the Attorney General must be engaged in by these officials freely, independently, and untrammeled by the possibilities of personal liability. *Id.*

statute, it is presumed that the Legislature did not intend to deprive the state of any part of its sovereign power unless the intent to do so is clearly expressed or arises by necessary implication from the statutory language. *Id.* Stated another way, a private act passed for the benefit of an individual having a claim against the state is strictly construed against him. *Markham v. State,* 99 R.I. 650, 210 A.2d 146 (1965).

Notwithstanding the foregoing, it is well established that, under the canons of statutory construction, we are required to give effect to all parts of the statute, if reasonably possible, in keeping with its declared purpose. *See Carey v. Clark,* 82 R.I. 412, 111 A.2d 238 (1955). Thus, we must give the words used their ordinary and customary meaning unless a contrary intention appears on the face of the statute. *Andreozzi v. D'Antuono,* 113 R.I. 155, 319 A.2d 16 (1974). If the language of the statute is plain and unambiguous and expresses a single, definite, and sensible meaning, that meaning is conclusively presumed to be the Legislature's intended meaning and the statute must be interpreted literally. *Rhode Island Chamber of Commerce v. Hackett,* R.I., 411 A.2d 300 (1980); *Little v. Conflict of Interest Commission,* R.I., 397 A.2d 884 (1979); *Brier Mfg. Co. v. Norberg,* 119 R.I. 317, 377 A.2d 345 (1977).

We also note that interest statutes are in derogation of the common law and, therefore, must be strictly construed. *Gott v. Norberg,* R.I., 417 A.2d 1352 (1980); *Atlantic Refining Co. v. Director of Public Works,* 104 R.I. 436, 244 A.2d 853 (1968). Moreover, we have held that the purpose of the prejudgment interest statute is to accel-erate the settlement of claims.[5] *Pray v. Narragansett Improvement Co.,* R.I., 434 A.2d 923 (1981); *Isserlis v. State Director of Public Works,* 111 R.I. 164, 300 A.2d 273 (1973).

With the foregoing principles in mind, we will examine the language of the respective statutes. Section 9–31–1 unambiguously holds the state "liable in all actions of tort in the same manner as a private individual or corporation * * *." The plain meaning of these words is that the state has rendered itself liable to the same extent as other tort litigants and, like them, is liable upon any judgment that the court might properly determine. Therefore, we find that because a private person is liable under § 9–21–10 for prejudgment interest on the amount of damages awarded in a wrongful death action, the state is equally liable.[6]

We must now ascertain whether prejudgment interest may be awarded in a tort action against the state where the resulting judgment would exceed the monetary limitation of § 9–31–2. The section provides that "[i]n any tort action against the state * * * any damages recovered therein shall not exceed the sum of fifty thousand dollars ($50,000) * * *."[7] Resolution of the instant question hinges on the meaning of the term "damages." As the majority points out, prejudgment interest is not an element of "damages." Rather, "damages" refers only to the amount of the jury award whereas prejudgment interest is peremptorily added to the verdict by the clerk of the court. *See Pray v. Narragansett Improvement Co., supra.* Therefore, we conclude that the $50,000 monetary limitation in the act on the amount of "damages" limits only

---

**5.** The interest statute does not apply to all civil cases. Even though the Legislature amended the interest statute in 1976 to apply to "any civil action," we have construed the statute to apply only to those actions sounding in tort or contract. *See Gott v. Norberg,* R.I., 417 A.2d 1352 (1980).

**6.** We find this a proper conclusion, moreover, because the intent behind the interest statute, of promoting the early settlement of claims, applies equally to actions against the state as against a private person. *See Pray v. Narragansett Improvement Co.,* R.I., 434 A.2d 923 (1981).

**7.** This monetary limitation does not apply in circumstances in which the state was acting in a proprietory function or had agreed to indemnify the federal government for tort liability. General Laws 1956 (1969 Reenactment) § 9–31–2, as amended by P.L.1974, ch. 39, § 1.

the amount of the verdict rendered, not the total amount of the judgment (including prejudgment interest). This conclusion accords with the legislative purpose of the act of exposing the state to the same liability as that of other tort litigants, who, of course, are liable for prejudgment interest in addition to damages.

Accordingly, we find that the trial justice did not err in denying the state's motion to amend the judgment.

The judgment, therefore, should be affirmed.