[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
On April 13, 1993 this Court issued a Corrected Decision awarding damages to plaintiffs in the sum of approximately Twenty-four million dollars in connection with its claim against Rhode Island Department of Transportation. The initial dispute arose out of a contract to construct the Jamestown-Verrazzano Bridge. At dispute between the parties presently is plaintiffs' entitlement to prejudgment interest in accordance with R.I.G.L. §9-21-10.
Because of the doctrine of governmental immunity, plaintiffs' initial action against the State was possible only by virtue of R.I.G.L. § 37-13.1-1. This statute partly abrogates the doctrine of governmental immunity and authorizes suits against the State by persons or corporations entering into highway, bridge or public works contracts with the State for claims arising under said contract. The issue now before the Court is whether §37-13.1-1 also abrogates the Doctrine of Sovereign Immunity to the extent of allowing a successful party to collect prejudgment interest from the State.
This issue is one of first impression in this State. The Rhode Island Supreme Court, on one previous occasion, addressed a similar issue regarding the State Tort Claims Act and prejudgment interest. In Andrade v. State, 448 A.2d 1293 (R.I. 1982), the Supreme Court came to the conclusion that the general prejudgment interest statute found at § 9-21-10 does not apply to judgments based on the State Tort Claims Act, §§ 9-31-1 and 9-31-2. TheAndrade court reached its decision based on a strict statutory interpretation analysis. Likewise, this Court reaches its decision today based "strictly on [its] interpretation and construction of the . . . statutes in question." Andrade at 1294.
When construing any statute this Court's primary task is to effectuate and establish the intent of the legislature. In ReAdvisory Opinion, 504 A.2d 456, 459 (R.I. 1986). There is a presumption, when construing statutes that abrogate a part of the State's sovereignty, that the Legislature does not intend to deprive the State of any of its sovereign power "unless the intent to do so is clearly expressed or arises by necessary implication from the statutory language." Andrade, 448 A.2d at 1295, citing Brown Univ. v. Granger, 19 R.I. 704, 708-709,36 A. 720, 721-722 (1897). Any waiver of a common-law right, such as the state's sovereign immunity, should not be lightly inferred.City of Providence v. Solomon, 444 A.2d 870, 875 (R.I. 1982). Rather, the court must find that any relinquishment or abandonment of a known right or privilege is intentional.Marrapese v. State, 500 F. Supp. 1207, 1212 (D.R.I. 1980).
The waiver of immunity statute at issue in this case is G.L. 1956 (1990 Reenactment) § 37-13.1-1. This statute, in pertinent part reads:
 Any person, firm, or corporation which is awarded a contract . . . for the design, construction, repair, or alteration of any state highway, bridge, or public works . . . may in the event of any disputed claims under the contract, bring an action against the State of Rhode Island . . . for the purpose of having the claims determined . . . No action shall be brought under this section later than one year from the date of acceptance of the work by the agency head as so evidenced; . . . The action shall be tried to the court without a jury. All legal defenses except governmental immunity shall be reserved to the state. (Emphasis added)
The right to prejudgment interest is not "expressly mentioned" in this statute. Therefore, this court must look to see if the abandonment of the right "arises by necessary implication." Andrade, 448 A.2d at 1295.
In reading § 37-13.1-1 in its entirety, it is clear that the legislature was creating an avenue for resolution of disputed claims between the State and individuals entering into contracts with the State. The key term here is "disputed claims." In reading the plain language of the statute, it is obvious that the Legislature was limiting plaintiffs' action to those claims arising "under the contract." See, R.I.G.L. § 37-13.1-1. The right to prejudgment interest is not a "claim arising under the contract." It is a statutorily created right that is an abrogation of the common law. Andrade, 448 A.2d at 1294. InAndrade, the Supreme Court found that "[s]tatutory interest is not part of the substantive right of action but is exclusively an incident attached thereto by legislative fiat after such right has been adjudicated." Id. at 1295. This Court, therefore, holds that, by allowing suit for "disputed claims under the contract," the legislature was not authorizing prejudgment interest against the State either expressly or by necessary implication.
The question then becomes whether any other provisions of §37-13.1-1 evidence a legislative intent to allow the plaintiffs to collect prejudgment interest. The plaintiffs direct this court's attention to the language providing that "[a]ll legal defenses except governmental immunity shall be reserved to the state." R.I.G.L. § 37-13.1-1. Plaintiffs ask this court to infer from this language a legislative intent to also preclude the state from raising governmental immunity as a defense to prejudgment interest claims. However, in reading this provision in conjunction with the statute in its entirety, the Court cannot avoid the conclusion that this provision is referring solely to the State's defenses to the claims arising under thecontract and not to defenses to prejudgment interest. The entire schematics of § 37-13.1-1 is directed to providing a procedure for resolution of disputed claims under the contract. For example, the statute delineates which contracts are affected by the statute; it requires notice of the disputed claim to the agency; it provides a one (1) year statute of limitations for bringing the disputed claim; and, it also delineates when a party is precluded from bringing a claim (i.e. acceptance of amount as final payment). It necessarily follows therefore that the preclusion of the governmental immunity defense is also directed towards defenses to the disputed claim and not to defenses to payment of prejudgment interest.
In reaching this conclusion, this Court is cognizant of the case law in other jurisdictions addressing the same issue. However, this Court is bound by Rhode Island's rules of statutory interpretation. Because waiver of governmental immunity is an abrogation of the common law, this court "will not attribute to the General Assembly an intent to depart from [it] unless such an intent is expressly and unmistakably declared." Andrade, 448 A.2d at 1295, citing Westerly School Committee v. WesterlyTeachers' Association, 111 R.I. 96, 102, 299 A.2d 441, 445 (1973). This Court finds that § 37-13.1-1 does not declare such an intent. As the Court in Andrade noted: "[h]ad the legislature intended to expose the state treasury to the additional financial burden of prejudgment interest it could have so provided easily." Id.
Accordingly, this Court holds that § 37-13.1-1 does not abrogate the doctrine of sovereign immunity to the extent of allowing plaintiffs to collect prejudgment interest against the state.
Parties shall appear before the Presiding Justice forthwith for entry of judgment in favor of the plaintiffs in the amount set out in the Corrected Decision which indicates no prejudgment interest. Plaintiffs' exception is duly noted.