[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is defendant's motion which it has entitled a motion in limine. Jurisdiction in this Court is pursuant to G.L. 1956 (1985 Reenactment) § 8-2-14.
FACTS/TRAVEL
Plaintiff, Bertha Tabares ("plaintiff"), is the duly appointed Administratrix of the estate of her son, Carlos Enrique Tabares ("decedent"). The defendant is the Department of Corrections ("defendant"), a department of the State of Rhode Island. The decedent was found hanged in his cell while in defendant's custody.
On June 25, 1990, plaintiff filed a wrongful death action alleging that defendant's negligence was the proximate cause of the decedent's death. More particularly, the plaintiff alleges that the defendant failed to safeguard adequately the decedent's cell once they knew he was suicidal.
The sole issue before the Court is whether the minimum recovery provision of the Wrongful Death Act is applicable to the State for torts committed in the conduct of a governmental function. Neither party disputes that the operation of a correctional facility is a governmental function. However, defendant contends that the legislature created a limited waiver of the State's immunity from suit by limiting the amount of damages for which it may be liable. The defendant further argues that for governmental functions the State is not treated like "any person or corporation" and that the plaintiff must prove her actual damages. Alternatively, the plaintiff contends that the statute is clear and unambiguous and applies to the State.
The State Tort Claims Act provides a limited waiver of the State's immunity from suit in tort. Lepore v. RIPTA,524 A.2d 574, 575 (R.I. 1987). Section 9-31-1 of the State Tort Claims Act provides:
 [t]he State of Rhode Island . . . shall . . . be liable in all actions of tort in the same manner as a private individual or corporation; Provided, however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter.
Further, § 9-31-2 states that recovery against the State shall not exceed $100,000.
The Wrongful Death Act creates a statutory right of action in the executor or administrator of a decedent. G.L. 1956 (1985 Reenactment) § 10-7-1. Section 10-7-2 provides that the minimum recovery available under the statute is $100,000.
The defendant relies on the case Andrade v. State to support its position. 448 A.2d 1293 (R.I. 1982). In Andrade,
the Rhode Island Supreme Court held that the prejudgment interest statute did not apply to the State. Id. at 1295. The Court noted that a statute waiving sovereign immunity must be strictly construed and whatever right of recovery is to be ascertained against the State must be expressly mentioned in the waiver of immunity statute. Id. at 1294. The Court found that the term "in the same manner as a private individual" as found in the Tort Claims Act referred specifically to liability for damages. Id.
at 1295. Further, the Court found that prejudgment interest was not damages. Id.
The defendant's reliance on Andrade is misplaced. The minimum recovery provision of the Wrongful Death Act clearly refers to damages. G.L. 1956 (1985 Reenactment) § 10-7-2 (Supp. 1993). Likewise, it is clear that the maximum recovery provision of the State Tort Claims Act places an absolute ceiling on recovery of damages. Laird v. Chrysler Corp., 460 A.2d 425, 430 (R.I. 1983). Although these statutes, when read together limit recovery to exactly $100,000, they are not contradictory and both must be applied in this case. See Brennan v. Kirby,529 A.2d 633, 637 (R.I. 1987).
This Court is further guided by an examination of the history of these two statutes. In 1989, the General Assembly raised the minimum recovery on a wrongful death action to $100,000. P.L. 1989, ch. 124, § 1. This marked the first time that the Wrongful Death Act minimum recovery provision was at the same level as the State Tort Claims Act maximum recovery provision. Before 1989, a jury could find the State liable in damages between $50,000 and $100,000 thus causing no perceived conflict in the statutes. Although the issue which arose in this case may not have been anticipated by the legislature in 1989, the statutes are not contradictory. It is clear that § 10-7-2 applies to the State and that subject to the $100,000 recovery limitation, the State has waived its immunity and is liable in this tort action in the same manner as a private individual or corporation. Accordingly, defendant's motion is denied.
Counsel shall prepare an appropriate order for entry.