Elizabeth MULVANEY

v.

Stephen T. NAPOLITANO, Treasurer
of the City of Providence.

No. 94–277–A.

Supreme Court of Rhode Island.

May 25, 1995.

John Nugent, Jr.

Richard Riendeau, Providence.

ORDER

This case came before the Supreme Court on May 18, 1995, pursuant to an order that directed defendant, Stephen T. Napolitano, Treasurer of the City of Providence, and plaintiff, Elizabeth Mulvaney, to appear and show cause why the issues raised by this appeal should not be summarily decided. In this case, the defendant appealed from the granting of a writ of mandamus ordering the defendant to pay to the plaintiff post-judgment interest and costs.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

On April 10, 1990, plaintiff filed a complaint against defendant pursuant to General Laws (1991 Reenactment) § 45–15–8 for damages after she slipped and fell on a street in downtown Providence and claimed personal injury. After a jury trial, judgment entered on April 8, 1992, for plaintiff in the amount of $37,800 without interest. The defendant appealed, and on March 10, 1994, this court denied and dismissed the appeal and affirmed the judgment.

On April 1, 1994, plaintiff filed a motion in Superior Court requesting the issuance of a writ of mandamus to compel defendant to pay plaintiff the amount of the jury verdict ($37,800), previously allowed costs ($828.71), costs incurred in aid of execution ($40), and post judgment interest on the amount of the verdict from the date judgment was entered on April 8, 1992.

After a hearing on April 8, 1994, the trial justice issued the writ and ordered defendant to pay the amount of the judgment with interest from the date judgment was entered, together with previously allowed costs. An order presented by plaintiff was rejected by the trial justice for its failure to conform to statutory requirements. On April 14, 1994, defendant filed a notice of appeal prior to the entry of an order.

Although an order was not filed in this case, we overlook the procedural requirement under Sup.Ct.R. 4(a) that a notice of appeal be filed "within twenty (20) days of the entry of the ... order ... appealed from" in order to address the merits of this case. See Ruggieri v. City of East Providence, 593 A.2d 55, 57 n. 2 (R.I.1991).

On appeal defendant contended that the trial justice erred by awarding postjudgment interest and costs to plaintiff. In respect to the issue of the award of interest on judgments, this court has stated, in In re Sherman, 565 A.2d 870 (R.I.1989),

"We have long held that the court will strictly construe statutes that award interest on judgments against the State. Andrade v. State, 448 A.2d 1293, 1294 (R.I. 1982); Gott v. Norberg, 417 A.2d 1352, 1357 (R.I.1980); Atlantic Refining Co. v. Director of Public Works, 104 R.I. 436, 244 A.2d 853, 856 (R.I.1968). Under the common law the State has sovereign immunity that may only be waived if such waiver is deliberate. We therefore presume that the Legislature did not intend to deprive the State of any sovereign power 'unless the intent to do so is clearly expressed or arises by necessary implication from the statutory language.'" Andrade, 448 A.2d at 1295 (citing Brown University v. Granger, 19 R.I. 704, 36 A. 720 (1897)).

Sherman at 871–72.

In Andrade v. State, 448 A.2d 1293, 1294 (R.I.1982), this court addressed the issue of whether the general prejudgment interest statute, G.L. 1956 (1985 Reenactment) § 9–21–10, applies to tort actions against the state, and we pointed out that the State Tort

Claims Act, § 9–31–1 *et seq.*, compensates a plaintiff only for damages. *Id.* at 1295. Because prejudgment interest is not an element of damages and because the statute does not specifically provide for the award of prejudgment interest against the state, this court declined to incorporate the prejudgment interest statute into the State Tort Claims Act. *Id.*

In *Andrade,* this court cited with approval the reasoning in *Fosbre v. State,* 76 Wash.2d 255, 456 P.2d 335 (1969), that concluded that:

> "providing for the addition of interest to judgments for damages was a legislative and not a judicial function. For the state to be liable for interest, the statute should have expressly so provided."

*Andrade,* at 1295–96 (citing *Fosbre,* 76 Wash.2d at 257, 456 P.2d at 336).

Although *Andrade* addressed prejudgment interest, we are of the opinion that the same analysis is applicable to the award of postjudgment interest. Therefore, we decline to incorporate the postjudgment interest statute into the State Tort Claims Act. In addition, we are led to conclude that strict construction of the State Tort Claims Act should be also applied in the assessment of costs. Because the Legislature has explicitly authorized only the award of damages, this court declines to expand the liability of the state and municipalities to include interest and costs. Therefore, we hold that the trial justice erred in awarding to plaintiff postjudgment interest and costs.

Consequently, we sustain the appeal. The writ of mandamus ordering defendant to pay postjudgment interest and costs is hereby quashed. The papers in the case are returned to the Superior Court for entry of judgment in accordance with our decision. Nothing herein should be construed to prohibit the Superior Court from awarding sanctions in the event of an egregious refusal or failure to pay a judgment for an extended period after such judgment has become final.

BOURCIER, J., did not participate.