**REAGAN CONSTRUCTION CORP.**

v.

**Nancy J. MAYER, in Her Capacity as General Treasurer of the State of Rhode Island.**

**No. 97–69–Appeal.**

Supreme Court of Rhode Island.

May 22, 1998.

testify during the trial.

Gregory P. Cimino, II, Girard R. Visconti, Providence, for Plaintiff.

Gary Powers for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal challenging the denial of a post-judgment interest award against the State of Rhode Island (state) came before us pursuant to an order directing both parties to show cause why the plaintiff's appeal should not be summarily decided. The plaintiff Reagan Construction Corporation (Reagan) appeals from an order denying its summary-judgment motion[1] against the state. Reagan alleged that the state had failed to make a timely payment of a $170,000 arbitration-award judgment in its favor, thereby entitling it to recover postjudgment interest against the state. After reviewing the parties' submissions, we conclude that no cause

has been shown and we decide at this time that the Superior Court's denial of summary judgment should be reversed.

Reagan received an arbitration award under the Public Works Arbitration Act (PWAA), G.L. 1956 chapter 16 of title 37, in the amount of $170,000, including interest, against the state in connection with a dispute involving a public works construction contract. On December 7, 1994, the Superior Court confirmed the award. Notwithstanding the court's confirmation of this award, the state failed to tender the $170,000 until nearly four months after the judgment was due. We hold that the Superior Court erred when it ruled that plaintiff was not entitled to obtain postjudgment interest against the state pursuant to a judgment entered under the PWAA.

The right to receive pre- or postjudgment interest on court judgments is a statutory right that was unavailable at common law. As a general rule, the doctrine of sovereign immunity insulates the state from the payment of interest in the absence of a waiver of immunity by express statutory language or by necessary implication therefrom. *See State, Department of Transportation v. Providence and Worcester Railroad Co.,* 674 A.2d 1239, 1244 (R.I.1996); *Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill,* 652 A.2d 440, 452 (R.I.1994) (*Clark–Fitzpatrick*); *Andrade v. State,* 448 A.2d 1293, 1294–95 (R.I.1982). When a statute purporting to waive any aspect of the state's sovereign immunity is examined, the language of the statute must be closely parsed and strictly construed. *Clark–Fitzpatrick,* 652 A.2d at 452; *Andrade,* 448 A.2d at 1295.

In *Clark–Fitzpatrick* this Court considered G.L. 1956 § 37–13.1–1, a provision that allows lawsuits against the state in connection with certain public works contracts. We held there that § 37–13.1–1 constituted an express waiver of sovereign immunity relating to "any disputed claims under the con-

---

1. Reagan's request for postjudgment interest took the form of a motion for summary judgment after a final judgment confirming the arbitration award had already entered. The Superior Court justice denied the motion for summary judgment but neither granted summary judgment against Reagan nor entered any final judgment pursuant to Rule 58 of the Superior Court Rules of Civil Procedure. However, because Reagan's request for postjudgment interest was the only issue remaining before the Superior Court, we treat the Superior Court's order as a final judgment for purposes of appellate review.

tract" but did not either in an express manner or by necessary implication waive the state's immunity with respect to prejudgment interest. 652 A.2d at 452–53. Our holding with respect to § 37–13.1–1 was repeated in *Jacor, Inc. v. Cardi Corp.*, 673 A.2d 1077 (R.I.1996).

In *Andrade* we considered whether prejudgment interest is available on judgments against the state under the State Tort Claims Act, G.L. 1956, chapter 31 of title 9. Again we decided that the language of that act, which provides that the state may be liable for tort damages, was neither explicit nor broad enough to waive immunity with respect to the addition of interest to a judgment for tort damages. 448 A.2d at 1295. The holding in *Andrade* was extended to postjudgment interest in *Mulvaney v. Napolitano,* 671 A.2d 312, 313 (R.I.1995).

We have never had occasion, however, to consider whether the particular statute at issue in this case, the PWAA, would allow interest on a judgment entered pursuant to its provisions. Section 37–16–24 of the PWAA, entitled "Effect of judgment," provides as follows:

> "The judgment so entered has the same force and effect, in all respects as, and is subject to all the provisions of law relating to a judgment in an action. The judgment may be enforced as if it had been rendered in an action in the court in which it was entered."

■ We hold that the plain meaning of this text is that the post-judgment-interest provisions of §§ 9–21–8 and 9–21–10 are applicable to judgments entered pursuant to § 37–16–24. In contrast to the language employed in § 37–13.1–1 or in § 9–31–1, § 37–16–24 of the PWAA does not appear strictly to limit or to restrict purely to damages the

state's liability under any arbitration award or confirmatory judgment.[2] Rather by its unequivocal terms § 37–16–24 mandates that a judgment entered pursuant to a PWAA arbitration award shall have the same force and effect as all other judgments and shall be "subject to *all* the provisions of law relating to a judgment in an action." (Emphasis added.) Accordingly, by necessary implication the generic postjudgment interest provisions of law relating to a judgment in an action are applicable to a judgment entered against the state under the PWAA for the period during which the judgment remains unsatisfied.

Reagan raises one additional issue on appeal. The arbitration award provided for Reagan to recover $350 from the state with respect to administrative fees and expenses related to the arbitration. The state contends that it has paid this sum as required. Because the Superior Court justice did not consider whether this portion of the judgment has been satisfied, we direct the court to consider that issue on remand.

Accordingly the plaintiff's appeal is sustained, and the summary judgment is vacated. This matter is remanded to the Superior Court so that an amended judgment can be entered awarding the plaintiff postjudgment interest from the date the Superior Court entered a judgment confirming the award. We also direct the court to consider whether the plaintiff is entitled to recover $350 in administrative fees and expenses arising out of the arbitration. If so, such an amount plus interest should be added to the amended judgment. The papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.

---

**2.** Our decision in *Jolicoeur Furniture Co. v. Baldelli,* 653 A.2d 740 (R.I.1995), is not inconsistent with our determination in the case at bar. There we dealt with a purported right to interest on a judgment against a municipality and not the state. Because the municipality in that case had acted in a proprietary capacity when it breached a contract to transfer real estate to the plaintiff and not as a governmental agent of the state, the municipality was not entitled to assert sovereign immunity as a shield against the imposition of

interest on a judgment. *Id.* at 755; *see also Blue Ribbon Beef Co. v. Napolitano,* 696 A.2d 1225, 1229 (R.I.1997) (adding prejudgment interest to judgment against municipality acting as a commercial real estate landlord); *Wroblewski v. Clark,* 88 R.I. 235, 238–39, 146 A.2d 164, 166–67 (1958) (immunity limited to governmental agents), *cited with approval as to this point but abrogated on other grounds, Becker v. Beaudoin,* 106 R.I. 562, 261 A.2d 896 (19708).