February 12, 2025

**Supreme Court**

No. 2022-244-Appeal.
(KC 13-1129)

Manuel Andrews, Jr., et al.      :

v.      :

James J. Lombardi, in his capacity as   :
Treasurer of the City of Providence,
Rhode Island.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Manuel Andrews, Jr., et al.      :

           v.           :

James J. Lombardi, in his capacity as   :
Treasurer of the City of Providence,
Rhode Island.[1]

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** In this appeal we are called upon to

revisit the 2012 suspension of cost-of-living adjustment (COLA) pension benefits

for retired members of the Providence police and fire departments. The issue we

now confront is whether a portion of the plaintiffs who prevailed in the case of

*Andrews v. Lombardi*, 231 A.3d 1108 (R.I. 2020) (*Andrews I*),[2] is entitled to

---

[1] Although the complaint named James J. Lombardi, in his capacity as Treasurer of the City of Providence, as defendant, we note that, during the pendency of this appeal, Shomari Husband was named Treasurer of the City of Providence. *See* Super. R. Civ. P. 25(d).

[2] This case and a related case previously came before the Court in *Andrews v. Lombardi*, 231 A.3d 1108 (R.I. 2020) (*Andrews I*), and *Andrews v. Lombardi*, 233 A.3d 1027 (R.I. 2020) (*Andrews II*). Following remands to the Superior Court, new appeals were brought in each underlying matter, which were then heard on the same day before this Court. Although there is minimal overlap in the content of the resulting opinions, we refer to the previous cases as *Andrews I* and *Andrews II* for purposes of clarity.

prejudgment interest on their past-due COLAs. In *Andrews I*, this Court directed the Superior Court to enter judgment in favor of "the plaintiffs who were also a party in prior litigation regarding their COLA benefits and who were included in either the 2004 Consent Judgment, 1991 Consent Judgment, an individual settlement agreement, or were a plaintiff in *Arena* [*v. City of Providence*, 919 A.2d 379 (R.I. 2007)]." *Andrews I*, 231 A.3d at 1130. Following the entry of judgment on remand, the plaintiffs moved for prejudgment interest in accordance with G.L. 1956 § 9-21-10(a) on their past-due COLA payments, which the trial justice denied. For the reasons set forth herein, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

For purposes of this appeal, an extensive recitation of the facts is not necessary. The interested reader is referred to *Andrews I*, 231 A.3d at 1113-18, for a more complete explication. Suffice it to say that, due to the conditions in its pension fund, the City of Providence (the City) "enacted an ordinance in 2012 suspending the COLAs for retired members of its police and fire departments until the pension fund achieved a 70 percent funding level." *Id.* at 1113. The retirees challenged this ordinance in the Superior Court. *Id.* "After engaging in court-ordered mediation, most retirees entered into a settlement which allowed for a ten-year suspension [(2013-2022)] of their COLA benefit." *Id.* "The trial justice

- 2 -

entered a final consent judgment in April 2013 which reflected the terms of the settlement agreement, and the City amended the 2012 Pension Ordinance to reflect the settlement agreement." *Id.* at 1116.

A number of plaintiffs, including those presently before the Court on appeal, however, opted out of this settlement agreement. *Andrews I*, 231 A.3d at 1116. In their first amended complaint, filed in February 2014, those plaintiffs raised claims for breach of contract due to the City's refusal to pay the COLAs; violation of the Contract, Takings, and Due Process Clauses of the United States and Rhode Island Constitutions through enactment of the 2012 ordinance; promissory estoppel; and injunctive relief. *Id.* The Superior Court subsequently granted partial summary judgment in favor of the City on the Due Process Clause, Takings Clause, and promissory estoppel claims. *Id.*

"The case proceeded to a bench trial in April 2016 on the remaining claims: violation of the Contract Clause and breach of contract." *Andrews I*, 231 A.3d at 1116. In February 2017, the Superior Court denied plaintiffs' breach-of-contract claim and ruled that the 2012 pension ordinance did not violate the Contract Clause. *Id.* at 1117. The plaintiffs thereafter appealed, challenging the trial justice's ruling as to violation of the Contract Clause, violation of the Takings Clause, and the claim for promissory estoppel. *Id.* at 1118. Pertinent to the case at bar, plaintiffs also argued on appeal "that the 2012 Pension Ordinance specifically excluded certain

- 3 -

categories of plaintiffs from its reach and that some of those plaintiffs were absolutely immunized from any changes to their COLAs because of prior judicial adjudications (the 1991 Consent Judgment, the 2004 Consent Judgment, and this Court's opinion in *Arena*, cited *supra*)." *Id.* The plaintiffs did not appeal from the trial justice's dismissal of their breach-of-contract claim. *Id.* at 1117-18.

This Court held in *Andrews I* that the 2012 pension ordinance, which purported to suspend COLAs, violated the doctrine of separation of powers by attempting to override consent judgments and this Court's opinion in *Arena*. *Andrews I*, 231 A.3d at 1121-22. Therefore, the pension ordinance was deemed unenforceable against those plaintiffs who were parties to the pertinent consent judgments or *Arena*. *Id.* at 1130. This Court reasoned that, "[a]lthough the contractual nature of a consent judgment is beyond dispute, the consent judgment has more weight than contracts that have not received a court's imprimatur as the agreed-upon solution to a legal dispute." *Id.* at 1119. This Court further stated:

> "The City's past legislative reductions of some of plaintiffs' COLAs had been challenged and resulted in either a consent judgment, a judicially approved settlement agreement, an opinion by this Court, or some combination thereof. The 2012 Pension Ordinance purports to legislate over and around these final judgments, which is an undeniable violation of the doctrine of separation of powers." *Id.* at 1121.

The matter was then remanded to the Superior Court.[3]

On December 11, 2020, and January 11, 2021, the Superior Court entered partial final judgments reinstating plaintiffs' COLAs. The plaintiffs were also awarded the accrued COLAs that had accumulated over the years. The partial final judgments neither granted nor denied the payment of prejudgment interest, but specifically reserved to plaintiffs "their rights, claims, and defenses thereto." Ineluctably, plaintiffs requested that the City pay prejudgment interest on the past-due amounts.

On February 1, 2021, plaintiffs filed a memorandum detailing their claim for the addition of prejudgment interest on the COLA awards. They asserted that the damages they had recovered were due to the City's breach of contract and, further, that the City was engaged in a proprietary function; thus, they contend that the City is not immune from liability for prejudgment interest. The City filed an objection. The trial justice heard oral argument on the matter on May 11, 2021.

---

[3] In *Andrews I*, this Court was confronted with multiple categories of plaintiffs, only some of whom are presently here on appeal. As to the remaining plaintiffs "who were not affected by prior judicial adjudications" on their COLA benefit, this Court held that the 2012 Pension Ordinance violated the Contract Clause of the United States and Rhode Island Constitutions and directed the Superior Court to vacate the judgment on that claim. *Andrews I*, 231 A.3d at 1122, 1126-27. The Court also remanded the case "for a determination of a reasonable length of time for the COLA suspension to remain in effect." *Id.* at 1130. Our review of the record indicates that the trial justice has followed that directive, which has culminated in a final judgment, and no appeal has been filed.

The trial justice issued a written decision on October 13, 2021, denying plaintiffs' motion for prejudgment interest on past-due COLA payments. She noted that this Court has applied the prejudgment interest statute to tort and contract claims only. She stated that the pension ordinance served to impair contracts rather than breach them because the ordinance sought to preclude a remedy for damages. The trial justice indicated that plaintiffs did not appeal the denial of the breach-of-contract claim and that this Court's decision in *Andrews I* was based on the conclusion that the pension ordinance unconstitutionally attempted to override judicial adjudications by legislative action, in violation of the doctrine of separation of powers. She therefore determined that plaintiffs' damages were not contractual in nature, and she denied their claim for prejudgment interest.

In her decision, the trial justice also emphasized that plaintiffs received their awards of accrued COLA benefits by virtue of the prior judgments in the Superior Court, "rather than [from] any interpretation of the terms of a contract." She found that, because the award was based on a constitutional claim (separation of powers), plaintiffs did not garner the award through a contract claim. She noted that prejudgment interest under § 9-21-10(a) is strictly construed and that it must be based on a tort or contract claim. The trial justice determined that plaintiffs were not "entitled to recover prejudgment interest, as their past-due benefits were not pecuniary damages awarded pursuant to a contract claim under [this Court's] prior

- 6 -

interpretations of § 9-21-10(a)." She therefore ruled that plaintiffs were not entitled to prejudgment interest and declined to address the issue of sovereign immunity.

An order denying plaintiffs' motion for prejudgment interest on past-due COLA payments entered on April 12, 2022. Final judgment entered the same day. The plaintiffs filed a timely notice of appeal on April 29, 2022.[4]

## II

## Standard of Review

The application of prejudgment interest under § 9-21-10 is a question of law, which we review *de novo*. *See Johnston Equities Associates, LP v. Town of Johnston*, 277 A.3d 716, 738 (R.I. 2022).

## III

## Discussion

The issue before this Court is whether plaintiffs are entitled to prejudgment interest on the past-due COLA amounts that they received as a result of this Court's decision in *Andrews I*.

Section 9-21-10(a) provides that "[i]n any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%)

---

[4] We note that not all of the plaintiffs to whom the judgment applied appealed. The notice of appeal specifies those plaintiffs now before us.

per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein."[5] We have held that prejudgment interest under § 9-21-10 applies to both tort and contracts litigants. *Glassie v. Doucette*, 159 A.3d 88, 97 (R.I. 2017). Furthermore, prejudgment interest may be awarded against a municipality in a tort or contract action where a municipality acts in a proprietary capacity. *See, e.g.*, *Johnston Equities Associates, LP*, 277 A.3d at 741. That determination "turns on the proprietary versus governmental function distinction." *Roach v. State*, 157 A.3d 1042, 1055 (R.I. 2017).

On appeal, plaintiffs argue that the trial justice erred in determining that the source of plaintiffs' rights was that their claims had received "a court's imprimatur" and were therefore constitutionally protected. Instead, plaintiffs contend that the adjudications did not create the rights, but simply affirmed the contractual rights to the COLAs, which stemmed from their collective-bargaining agreements. In response, the City argues that plaintiffs' recovery of COLAs arose from judicial decisions, not contract. The City also notes that plaintiffs never appealed the denial of their breach-of-contract claim.

---

[5] The underlying action was undoubtably a civil action and the damages recovered pecuniary. *See Glassie v. Doucette*, 159 A.3d 88, 97 (R.I. 2017) ("Black's Law Dictionary defines 'pecuniary' as 'of or relating to money; monetary.' * * * Likewise, 'pecuniary damages' are defined as 'damages that can be estimated and monetarily compensated.'" (quoting Black's Law Dictionary 418, 1167 (8th ed. 2004))).

Although plaintiffs insist that the source of their right to past-due COLAs derives from their underlying collective-bargaining agreements, ultimately, those rights are protected by judgments that resulted from plaintiffs' contract disputes with the City. In *Andrews I*, we stated that "[a]lthough the contractual nature of a consent judgment is beyond dispute, the consent judgment has more weight than contracts that have not received a court's imprimatur as to the agreed-upon solution to a legal dispute." *Andrews I*, 231 A.3d at 1119. Furthermore, this Court confirmed that "the consent judgment * * * is clearly protected by the impenetrable posted authority that we know as separation of powers based upon articles 5 and 10 of the Rhode Island Constitution." *Id.* at 1119-20 (quoting *City of Providence v. Employee Retirement Board of City of Providence*, 749 A.2d 1088, 1098 (R.I. 2000)). This analysis leads us to agree with the trial justice that "it is the status as final judgments that is dispositive" and, further, that "[t]he award resulted from [the] enforcement of those final judgments, rather than any interpretation of the terms of a contract."

In *Andrews I*, plaintiffs did not challenge the denial of their breach-of-contract claim to this Court; rather, plaintiffs argued that the 2012 Pension Ordinance violated the separation of powers doctrine by attempting to modify or supersede the applicable consent judgments entered in Superior Court or the final judgment in *Arena*. *See Andrews I*, 231 A.3d at 1118. This Court agreed, holding that "[t]he 2012 Pension Ordinance purports to legislate over and around these final judgments,

which is an undeniable violation of the doctrine of separation of powers." *Id.* at 1121. The issue appealed and the resulting award, therefore, did not sound in contract law but rather in constitutional law.

We have yet to extend prejudgment interest to apply to claims based on a constitutional doctrine, and we decline to do so now. *See Andrade v. State*, 448 A.2d 1293, 1294 (R.I. 1982) ("This [C]ourt has held that because the right to receive interest on judgments was unknown at common law as it is a right created by statute, the [C]ourt will strictly construe any statute that awards interest on judgments so as not to extend unduly the changes enacted by the [L]egislature."). Accordingly, "because this case 'is neither a contract claim nor a tort claim,' we conclude that the trial justice did not err in refusing to add prejudgment interest to plaintiff[s'] claim." *Glassie*, 159 A.3d at 98 (quoting *In re Estate of Cantore*, 814 A.2d 331, 335 (R.I. 2003)).

## IV

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court.

- 10 -

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Manuel Andrews, Jr., et al. v. James J. Lombardi, in his capacity as Treasurer of the City of Providence, Rhode Island. |
| **Case Number** | No. 2022-244-Appeal. (KC 13-1129) |
| **Date Opinion Filed** | February 12, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs: <br><br> Lauren E. Jones, Esq. |
| | For Defendant: <br><br> William M. Dolan, Esq. |