[No. 36158.   Department One.   April 5, 1962.]

THE DORIC COMPANY, *Respondent*, v. KING COUNTY *et al.*, *Appellants.**

*Charles O. Carroll, James J. Caplinger,* and *Lewis Guterson,* for appellants.

*Rosling, Williams, Lanza & Kastner* and *William D. Cameron,* for respondent.

WEAVER, J.—In a prior appeal, this court reversed a summary judgment in favor of defendant county and remanded the case ". . . with direction to enter a judgment for the appellant [plaintiff] consistent with this opinion." *The Doric Co. v. King Cy.,* 57 Wn. (2d) 640, 646, 358 P. (2d) 972 (1961).

Thereupon, the trial court entered judgment for plaintiff in the sum of $23,463.63, the amount of the real-estate-excise tax levied, pursuant to RCW 28.45, and paid under protest by plaintiff, together with judgment for interest at six per cent from November 28, 1958. The county appeals from that portion of the judgment for interest.

* Reported in 370 P. (2d) 254.

■    This is not a question of first impression in this jurisdiction.

In *Great Northern R. Co. v. Stevens Cy.*, 108 Wash. 238, 244, 183 Pac. 65 (1919), the court reversed a judgment for defendant county and remanded the case, with instructions to enter judgment in favor of the railway company " . . . *with legal interest* from March 6, 1918, the date on which the railway company was compelled to and did pay the excessive and illegal tax . . ."

In *Byram v. Thurston Cy.*, 141 Wash. 28, 45, 251 Pac. 103, 252 Pac. 943 (1926), this court affirmed a judgment against the county for the return of "illegal and excessive" taxes " . . . with *interest* from the respective dates of payment." (Italics ours.) We have reviewed the appellate briefs in the *Byram* case, *supra*; both briefs squarely presented the question of a judgment for interest against a county.

*Columbia Steel Co. v. State,* 34 Wn. (2d) 700, 209 P. (2d) 482 (1949), and *Pape v. Armstrong,* 47 Wn. (2d) 480, 287 P. (2d) 1018 (1955), are not apposite. They treat with the disallowance of interest against either the state or an agency of the state.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.