[No. 39697.   En Banc.   June 12, 1969.]

MARILEE FOSBRE, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.**

*Reported in 456 P.2d 335.

The Attorney General, Charles F. Murphy, Richard A. Mattsen, Warren Cameron, and Richard Roth, Assistants, for appellant.

Foster & Foster and Bassett, Donaldson & Hafer, for respondent.

HILL, J.—The sole question on appeal is whether the state is liable for interest upon a judgment entered against it pursuant to the state "Tort Claims Act," which provides:

> The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation.

(RCW 4.92.090)

June 28, 1965, respondent recovered a judgment of $157,164 against the state in an action under the statute. March 2, 1967, the judgment was affirmed. *Fosbre v. State,* 70 Wn.2d 578, 424 P.2d 901 (1967). May 19, 1967, the state paid the amount of the judgment into the registry of the court.

May 9, 1967, the Superior Court for Thurston County entered a supplemental judgment against the state awarding respondent interest upon the judgment at the rate of 6 per cent per annum from date of entry to date of payment, an amount in excess of $17,000.

It is well established in this jurisdiction that the sovereign state cannot be sued without its consent and then only in the manner and to the extent provided by statute. Further, the state is not liable for interest on judgments rendered against it unless payment thereof has been authorized by statute (*Pape v. Armstrong,* 47 Wn.2d 480, 287 P.2d 1018 (1955)), or "by a reasonable construction of a contract or statute, it has placed itself in a position of liability." *Bond v. State,* 70 Wn.2d 746, 748, 425 P.2d 10 (1967).

A judgment for damages against the state has never in any other area or context been interpreted to be subject to interest.

■ The respondent urges that the words of the statute providing that the state shall be liable for its tortious conduct "to the same extent as if it were a private person or corporation" establish that the legislature intended the state to be liable for interest on a tort judgment, since a private person or a corporation would be liable for interest.

However, the statute says nothing about liability for interest. Some statutes removing governmental tort immunity have placed limitations on the amounts for which the state or other governmental subdivision could be liable. The language relied on by the respondent indicates only that the state is to be liable for damages to the same extent as if it were a private person or corporation.

The respondent interprets it as though it read:

The state of Washington . . . shall be liable for damages arising out of its tortious conduct[*together with interest on judgments for such damages*] to the same extent as if it were a private person or corporation.

The addition of such italicized words to the statute would be a legislative and not a judicial function.

Our conclusion—that the state is not liable for interest on tort judgments—is in accord with the administrative construction placed upon the act by the Central Budget Agency and the office of the attorney general in processing tort judgments for payment. The Superior Court for King County has heretofore held that the state was not liable for interest on a tort judgment. In King County cause No. 613129, the plaintiff sought a writ of mandamus to compel certification by the Attorney General to the Central Budget Agency of interest claimed to be owing upon a $10,105.40 tort judgment against the state. The writ was denied by Judge Stanley C. Soderland on March 2, 1967. He held that RCW 4.92.090 rendered the state liable for damages only and not interest, and that such statute being in derogation of common law should be strictly construed.

Now for the first time since the adoption of the tort claims act in 1961 there comes to this court a claim that the state is liable for interest on a judgment for damages under the tort claims act until it is paid. We find nothing in the act, the state's administrative interpretation of it, or the experience under it, to support the respondent's interpretation.

The judgment for interest is set aside, and the trial court is directed to dismiss the motion for interest on the judgment with prejudice.

ROSELLINI, HAMILTON, NEILL, and McGOVERN, JJ., concur.

WEAVER, J.—(dissenting ) Counsel have been most diligent. They have made available to us a plethora of statutes, constitutional provisions, and judicial decisions of other jurisdictions that have considered the problem before us. It would be a futile task, extending this dissent beyond reasonable bounds, and would serve no useful purpose to make a detailed analysis of the authorities because of the myriad differences among them.

As this court pointed out in *Kelso v. Tacoma*, 63 Wn.2d 913, 918, 390 P.2d 2 (1964), the legislature has clearly indicated its intention to change the public policy of the state by its adoption of the state's Torts Claims Act; and we noted in *Evangelical United Brethren Church v. State*, 67 Wn.2d 246, 252, 407 P.2d 440 (1965), that "the legislature intended to abolish on a broad basis the doctrine of sovereign tort immunity in this state" for the doctrine "is no longer desirable or acceptable." *Finch v. Matthews*, 74 Wn.2d 161, 176, 443 P.2d 833 (1968).

It is apparent that when the state consented to submit to tort liability, as it is authorized to do by article 2, section 26 of the state constitution, it placed itself in the same position as other litigants, and, like them, rendered itself liable upon any judgment the court might determine from the facts.

Although the state's power to control and regulate the right of suit against it is plenary, and it may annex such

conditions thereto as it deems wise (*State ex rel. Pierce County v. Superior Court*, 86 Wash. 685, 688, 151 Pac. 108 (1915)), I do not find that it has excluded interest upon a judgment from its liability.

A different question might have been presented had a period been placed after the word "conduct" so that the statute (RCW 4.92.090) would have read: "The state of Washington . . . shall be liable for damages arising out of its tortious conduct." We believe, however, that the phrase "to the same extent as if it were a private person or corporation" is meaningful. I cannot read it out of the statute.

A judgment founded upon tort liability of a "private person or corporation" bears interest pursuant to statute (RCW 4.56.110); so should such a judgment against the state.

Thus, I believe that the state of Washington, pursuant to RCW 4.92.090, is liable for the payment of interest on a tort judgment entered against it.

The judgment should be affirmed.

HUNTER, C. J., FINLEY, J., and ARMSTRONG, J. Pro Tem., concur with WEAVER, J.

---

August 8, 1969. Petition for rehearing denied.

*Reported in 456 P.2d 340.