[No. 42066.   En Banc.   January 14, 1972.]

WILLIAM E. SILVERNAIL et al., Appellants, v. COUNTY OF PIERCE, Respondent.

Frank August Peters, for appellants.

Ronald L. Hendry, Prosecuting Attorney, Arthur W. Verharen, Chief Civil Deputy, and Dean A. Floyd, Deputy, for respondents.

NEILL, J.—The sole issue raised by this appeal is whether interest accrues on tort judgments and attendant cost awards against counties.

Counties are political subdivisions of the state. Const. art. 11, §§ 1, 3. As such, like cities, counties historically derived protection against liability in tort from the state's sovereign immunity. See Kelso v. Tacoma, 63 Wn.2d 913, 390 P.2d 2 (1964). In 1961, the state abandoned its immunity from liability for damages in tort. RCW 4.92.090; see Finch v. Matthews, 74 Wn.2d 161, 176, 443 P.2d 833 (1968). We construed that legislation as having effect not only on the state, but also upon the derivative immunity of its political subdivisions. Kelso v. Tacoma, supra; see 39 Wash. L. Rev. 275 (1964). Then in 1967, the legislature expressly extended the scope of the 1961 legislation to all political sub-

divisions, municipal corporations and quasi-municipal corporations of the state. RCW 4.96.010; see RCW 36.45.

These basic statutes, in identical language, subject governing bodies to liability "for damages arising out of . . . tortious conduct . . ." RCW 4.92.090; RCW 4.96.010. The liability of both state and counties for costs is expressed in RCW 4.84.170.

We have already met the question of the liability of the state for interest under RCW 4.92.090. *Fosbre v. State*, 76 Wn.2d 255, 456 P.2d 335 (1969). We there observed that the state can be sued only when, in the manner and to the extent that the legislature consents, and that there is no liability for interest unless it arises from either express terms or reasonable construction of a contract or statute.[1] We held that the state's acceptance of liability for tort "damages" does not subject the state to liability for interest on damage awards.

Statutes in pari materia are to be construed together. *Beach v. Board of Adjustment*, 73 Wn.2d 343, 438 P.2d 617 (1968); *Opportunity Township v. Doepke*, 58 Wn.2d 237, 361 P.2d 754 (1961). Since the legislative enactments which impose tort "damages" liability on the state and the counties are in pari materia, our holding in *Fosbre* is dispositive against plaintiffs' claim for inclusion of interest on the judgment against the county. The reasoning of *Fosbre* is also applicable as to the liability of the state and counties for interest on cost awards, which are permitted under RCW 4.84.170. That statute does not contemplate liability for interest.

The trial court correctly disposed of plaintiffs' motion for damages, costs and interest.

Affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, and WRIGHT, JJ., concur.

---

[1] Obviously, cases recognizing liability imposed by specific statutes do not support the suggestion that such liability exists *sans* the statute. *E.g., see Doric Co. v. King County*, 59 Wn.2d 741, 370 P.2d 254 (1962); *Kirtley v. Spokane County*, 20 Wash. 111, 54 P. 936 (1898).