[No. 32528-1-I.    Division One.    July 25, 1994.]

CAROLYN J. TEEVIN, *as Guardian, Respondent,* v. WILLIAM WYATT, ET AL, *Appellants.*

*Mark H. Sidran, City Attorney,* and *Robert Williams, Assistant,* for appellants.

*Dexter A. Washburn* and *Mikkelborg, Broz, Wells & Fryer; Michael R. Caryl,* for respondent.

SCHOLFIELD, J. — The City of Seattle and its employee, William Wyatt (collectively, the City, unless otherwise indicated), appeal the trial court's award of prejudgment interest included in the Judgment on Jury Verdict entered March 3,

1993.[1] The City contends a municipality is immune from prejudgment interest and that immunity operates regardless of whether a negligent city employee was named as the City's codefendant. The City also argues that a negligent municipal employee cannot be personally liable for prejudgment interest. Finally, the City contends that Teevin's damages were not liquidated and, thus, were not subject to prejudgment interest. We reverse.

In May 1988, a collision occurred between a Seattle firetruck driven by firefighter William Wyatt and a Pontiac driven by Andrew Bean. The fire department was responding to an emergency call when the two vehicles collided in an intersection. Bean suffered severe injuries, including a closed head injury, and the collision caused significant damage to his car and the firetruck.

On April 18, 1991, Carolyn Teevin, Bean's mother and guardian, sued the City of Seattle and Wyatt for special damages to be determined at trial, "together with interest thereon at the highest lawful rate". Teevin also sought general damages, costs, and other equitable relief. In its answer, the City admitted Wyatt was acting within the scope of his duties when the accident occurred, but it denied liability. It also filed a counterclaim against Teevin for damage to the firetruck in an amount to be established at trial.

During the 3-week trial, Teevin's counsel offered exhibit 43, a 6-page itemization of Teevin's medical expenses which showed that the "Total Medical Expenses per Stipulation" were $166,739.72. The exhibit was admitted into evidence without objection by defense counsel.

The trial court instructed the jury according to instruction 22 that if it found in favor of Teevin, the verdict "shall include the following past economic items: (a) Past medical care: $166,739.72 [and] (b) Damage to the automobile: $2,500.00". The same instruction stated that if the jury found for the City on its damage claim, the verdict "should be $40,000.00".

---

[1]The trial court dismissed Wyatt's wife from the lawsuit.

The jury found Wyatt and Bean were equally at fault. It awarded the City $40,000 in damages and awarded Teevin $879,521.72 in economic damages and $1,215,000 in general damages. Teevin's net principal judgment, after the City's damage award was deducted and the remaining amount was divided in half to account for the jury's finding of comparative negligence, amounted to $1,027,260.86.

Teevin subsequently moved for an award of prejudgment interest "as to only that portion of the jury's verdict which reflected liquidated medical expenses and property damage which was stipulated to by the parties". (Footnote omitted.) To calculate the interest, Teevin relied on exhibit 43 (the summary of medical expenses) and the parties' stipulation as to medical expenses and property damage. The City opposed that motion at the March 3, 1993, hearing on the matter, arguing in part that the stipulation was only a compromise on the parties' respective special damages and that, as such, it was not susceptible to prejudgment interest.

The trial court awarded Teevin prejudgment interest in the amount of $32,654.94, which was the interest calculated on the parties' stipulated special damages and property damages less the prejudgment interest for the damage to the City's firetruck. The following colloquy then occurred:

[PLAINTIFF'S COUNSEL]: [T]he Court hasn't ruled with respect to whether the judgment would apply to both the City as well as Mr. Wyatt.

THE COURT: The burden would apply to both the City and Mr. Wyatt.

[DEFENSE COUNSEL]: Is the Court — let me make this clear on the record. . . . [I]s the Court ruling that the ordinance cited by counsel amounts to waiver, a clear, intentional relinquishment of the immunity from prejudgment interest under the statute?

THE COURT: I didn't see really where you had asserted it. . . . I didn't see you asserting that the City is not susceptible to that.

[DEFENSE COUNSEL]: Well, Your Honor, in our memorandum, we make the argument on Page 3, municipal corporations cannot be held to prejudgment interest [under] RCW 4.56.115. I'm reading now. "To argue that this rule is inapplicable here because defendant Wyatt has not been accorded immunity is . . . meretricious bunkum. Municipalities act only

> through agents and plaintiffs form of judgment purports to hold both Wyatt and the City to prejudgment interest."

So, I clearly make the argument that in our view municipal corporations cannot be held to prejudgment interest.

THE COURT: I stand corrected, but the judgment still does stand against [firefighter] Wyatt.

The written judgment entered that same day, however, does not reflect the trial court's oral ruling. Instead, it identifies the "Judgment Debtors" as both the City and Wyatt and gives no indication that only Wyatt would be liable for prejudgment interest. Defense counsel nevertheless approved the judgment as to form. The City subsequently filed this timely appeal.

### No Waiver of Immunity From Prejudgment Interest

RCW 4.56.115 expressly authorizes the City's liability for interest on tort judgments entered against it, but only interest from the date the judgment is entered.[2] Teevin essentially acknowledges, by not arguing otherwise, that the City is therefore immune from prejudgment interest on such judgments. She contends, however, that the City waived that immunity by enacting Seattle Municipal Code (SMC) 4.64.010 and by approving the judgment as to form without objection.

■■ It is well established that "the state and its political subdivisions are not liable for interest [on judgments against them] unless the liability arises from either the express terms or reasonable construction of a statute." *Campbell v. Saunders*, 86 Wn.2d 572, 578, 546 P.2d 922 (1976); *see also Fosbre v. State*, 76 Wn.2d 255, 256-57, 456 P.2d 335 (1969) (the State is not liable for interest on judgments against it unless a statute authorizes such payment or the reasonable construction of a contract or statute places the State in a position of liability). The reasonable construction of RCW 4.56.115 is that municipal corporations can be held liable for

---

[2]RCW 4.56.115 states in relevant part: "Judgments founded on the tortious conduct of . . . municipal corporations . . . shall bear interest from the date of entry".

interest on tort judgments from the date the judgment was entered but not for prejudgment interest.

SMC 4.64.010 obligates the City to pay judgments entered against its employees. The ordinance reads in part:

> It shall be a condition of employment of City officers and employees that in the event there is made against such officers or employees any claims and/or litigation arising from any conduct, acts or omissions of such officers or employees in the scope and course of their City employment, the City Attorney shall, at the request of or on behalf of the officer or employee, investigate and defend such claims and/or litigation and, if a claim be deemed by the City Attorney a proper one or if judgment be rendered against such officer or employee, the claim or judgment shall be paid by the City in accordance with procedures established in this chapter for the settlement of claims and payment of judgments[.]

Teevin erroneously concludes that the City waived its immunity from prejudgment interest by enacting SMC 4.64.010. The ordinance provides only that the City will pay certain claims or judgments entered against its officers and employees. The language of the ordinance cannot reasonably be construed as expressly authorizing the City's liability for prejudgment interest. *See Campbell*, 86 Wn.2d at 578; *Fosbre*, 76 Wn.2d at 256-57. Consequently, the holding in *Campbell*, on which Teevin relies, is inapposite.

In *Campbell*, the court construed a Bellevue ordinance to mean that the City had expressly waived any residual sovereign immunity it possessed as to liability for interest and costs involved in a judgment against the City due to personal injuries. 86 Wn.2d at 577, 578. That ordinance reads:

> "*There is created* an accident fund upon which the city clerk *shall* draw warrants for the full amount of any judgment, *including interest and costs*, against the city on account of personal injuries . . . suffered by any person as shown by a transcript of the judgment, duly certified to the city clerk. . . ."

(Some italics ours.) *Campbell*, 86 Wn.2d at 574 n.1.

Unlike the Bellevue ordinance construed in *Campbell*, neither the express terms of SMC 4.64.010 nor its reasonable construction obligates the City of Seattle to pay any interest on judgments against it. The ordinance simply

obligates the City under certain circumstances to pay a judgment rendered against its officer or employee. The City's willingness to undertake that obligation is distinctly different from its express consent to be held liable for interest on such a judgment. Absent the City's express consent to liability for prejudgment interest, or a state statute allowing the same, there is no basis to hold that the City waived its immunity to prejudgment interest by enacting SMC 4.64.010. *See Campbell*, 86 Wn.2d at 578; *Fosbre*, 76 Wn.2d at 256. For the same reasons, we must conclude that the City's act of approving the judgment as to form does not express an intent to waive its immunity from prejudgment interest.

## WYATTS IMMUNITY FROM PREJUDGMENT INTEREST

We next must decide whether the City's immunity from prejudgment interest also protects its individual employees, such as Wyatt, from personal liability for prejudgment interest. Teevin argues that it does not.[3] It is axiomatic that a governmental body can only act through its employees. *See, e.g., Mauch v. Kissling*, 56 Wn. App. 312, 316, 783 P.2d 601 (1989). Thus, a city's tortious conduct must have occurred through the tortious conduct of a city employee acting within the scope of his or her duties. *See Thompson v. Everett Clinic*, 71 Wn. App. 548, 551, 860 P.2d 1054 (1993) (under the doctrine of respondeat superior, an employer is responsible for its employee's actions when the employee acts within the scope of his or her employment and in furtherance of the employer's business).

Here, the City admitted that Wyatt was acting within the scope of his duties when the accident occurred, and Teevin does not contend otherwise. The jury found that Wyatt's negligence contributed to the accident. Consequently, the judgment entered on the jury verdict was a

---

[3]Teevin also contends that the City failed to preserve this issue for appeal. As evidence that the issue was "clearly argued" to the trial court, the City points to the "meretricious buncombe" language in its trial memorandum opposing prejudgment interest. While the discussion before the trial court was very limited, we conclude that it was nevertheless sufficient to preserve the issue for review.

judgment founded in part on Wyatt's tortious act, which was effectively the City's tortious act. As discussed, the City is obligated to pay such a judgment against its employee under SMC 4.64.010. The clear intent behind that ordinance is to indemnify, or "immunize", city employees from financial liability resulting from acts carried out in the course of their employment.

As also discussed, however, the City is immune from prejudgment interest under RCW 4.56.115. We concluded above that the City did not waive its immunity from prejudgment interest by enacting SMC 4.64.010 or by approving the judgment as to form. We also concluded that SMC 4.64.010 does not obligate the City to pay prejudgment interest on a judgment against its employees. To conclude otherwise would require a holding that enacting SMC 4.64.010 amounted to a waiver of the City's immunity without any mention of interest. That would be a waiver by implication prohibited by the rule that a city "is liable only to the extent that it has expressly authorized payment of interest." *Campbell v. Saunders*, 86 Wn.2d 572, 578, 546 P.2d 922 (1976); *Fosbre*, 76 Wn.2d at 256.

To give full effect to the intended purpose of SMC 4.64.010 — that is, to indemnify city employees for financial liability resulting from the performance of their duties — and to adhere to the law that the city is not liable for prejudgment interest, we must conclude that a judgment entered against a city employee may not include prejudgment interest. We therefore hold that Wyatt cannot be held personally liable for the award of prejudgment interest.[4]

While the City requests attorney fees in its opening brief, it gives no basis on which to award them. That request is therefore denied.

---

[4]Because of our resolution of the issues of immunity for both the City and Wyatt, we need not reach the question of whether Teevin's damages were liquidated. In addition, given our holding here as well as the unambiguous language in *Hansen v. Rothaus*, 107 Wn.2d 468, 472-75, 730 P.2d 662 (1986) that prejudgment interest may be awarded in a successful negligence action, it is unnecessary to address the City's contention that prejudgment interest is not available in "ordinary" tort cases.

The trial court's award of prejudgment interest to Teevin is reversed as to both the City and Wyatt, and the case is remanded with instructions to strike the award of prejudgment interest and enter an amended judgment consistent with this opinion.

AGID and BECKER, JJ., concur.