[No. 20415-4-III. Division Three. October 31, 2002.]

CAMERON ALLSTOT, *Appellant*, v. THOMAS EDWARDS, *Individually and as Chief of Police*, ET AL., *Respondents*.

626

628

*Jeffry K. Finer* (of *Finer & Pugsley*), for appellant.
*Gerald J. Moberg*, for respondents.

SCHULTHEIS, J. — Cameron Allstot, a police officer for the Town of Coulee Dam, was fired for cause, appealed that

termination, and was reinstated almost three years later. Subsequently, he demanded payment of back wages and sued the Town for civil rights violations and wrongful termination. After dismissal of the civil rights claims, the parties agreed that the Town was liable for Mr. Allstot's back wages but disagreed on the amount of offsets that could be deducted from the total wages. Trial proceeded on the issue of the back wages owed to Mr. Allstot, and the jury awarded him $70,000. The trial court reduced that amount by $30,783, reflecting the Town's payment three years earlier of some back wages plus retirement contributions and interest.

On appeal, Mr. Allstot challenges the trial court's refusal to instruct the jury that double damages were awardable for back wages that had been willfully withheld. RCW 49.52.050(2), .070. He also contends the trial court erred in refusing to award him prejudgment interest and attorney fees. Because we find that double damages may have been awardable under these facts, and further find that Mr. Allstot was entitled to the interest and attorney fees provided in a stipulation by the parties, we reverse and remand for retrial.

FACTS

Mr. Allstot was fired for misconduct on October 2, 1991 after serving as a Coulee Dam police officer for nine years. The Coulee Dam Civil Service Board affirmed his termination in December 1991, and the superior court affirmed the Board's decision in October 1992. Mr. Allstot then appealed to this court, and on May 19, 1994, we reversed, ordering the Town to reinstate Mr. Allstot as a police officer. *Allstot v. Coulee Dam Civil Serv. Comm'n*, noted at 74 Wn. App. 1021 (1994). He returned to work in June 1994.

In September 1994, Mr. Allstot served a claim for damages on the Town to collect back wages, benefits, prejudg-

ment interest, and attorney fees.[1] Later that month he filed a complaint in superior court for civil rights violations and wrongful termination.[2] Contemporaneously, he filed a nearly identical suit against the Town in federal district court. *Allstot v. Edwards*, No. CS-94-295 (E.D. Wash. Jan. 26, 1996), *aff'd*, 116 F.3d 482 (9th Cir. 1997). The superior court proceedings were stayed in October 1995 pending the resolution of the federal action. In January 1996, the federal court granted the Town's motion to dismiss the civil rights claims with prejudice and the wrongful termination claim without prejudice. The Ninth Circuit affirmed in June 1997 and denied Mr. Allstot's motion for reconsideration in October 1997.

Mr. Allstot subsequently moved to lift the stay of the superior court action in March 1998, and the stay was lifted in May 1998. Meanwhile, in April 1998, the Town paid Mr. Allstot the following: $19,564 for back wages minus offsets; $2,238 for retirement contributions; and $8,989 for interest—a total of $30,783. In February 2000, the trial court entered an order granting partial summary judgment dismissal of the civil rights claims. Then, in January 2001, the parties stipulated to entry of an order of partial summary judgment holding the Town liable for back wages. At the same time, a "Stipulation to Undisputed Facts" supporting the partial summary judgment was signed by both parties and filed with the court. This document stipulated that Mr. Allstot was entitled to prejudgment interest of 12 percent per annum on his back wages and to reasonable attorney fees.

---

[1] Mr. Allstot also named the Town's chief of police, Thomas Edwards, as defendant. Mr. Edwards was later dismissed from the action because Mr. Allstot failed to establish a claim against him.

The claim for damages was not included in the original record on appeal. Mr. Allstot has moved to supplement the record with this document, and his motion was referred to us for consideration. Because the document is relevant to the issue of the Town's awareness that exemplary damages were sought, and because the motion is unopposed, we grant the motion to supplement. RAP 9.10.

[2] Mr. Allstot's daughter, Tiffany Allstot, was included as a plaintiff in the lawsuit but was dismissed from the action by order dated October 17, 1995.

The only remaining issue at this point was the calculation of those back wages and offsets. In May 2001, the parties stipulated to the amount of gross back wages owed to Mr. Allstot: $70,929 in wages and $3,471 in retirement benefits. The stipulation also referred to the April 1998 payment of back wages, retirement, and interest, and to Mr. Allstot's entitlement to reasonable attorney fees and costs. A couple of weeks before trial, the Town moved to amend the stipulation of gross back wages to exclude the reference to prejudgment interest and attorney fees. No court action on this motion is contained in the record.

At trial, Mr. Allstot argued that the Town willfully refused to pay his back wages for four years. The Town responded that it delayed payment during litigation of the federal and state proceedings. Mr. Allstot's proposed instruction on double damages for willful nonpayment of wages was rejected by the trial court as inapplicable to back wages. The jury awarded Mr. Allstot $70,000, representing the total back wages minus offsets for income during termination and/or for a period that Mr. Allstot was disabled. Following the jury verdict, the trial court held a hearing on Mr. Allstot's claims for prejudgment interest and attorney fees. Although the court noted that the parties had stipulated that the 1998 payment of $30,783 included $8,989 in prejudgment interest, the court reduced Mr. Allstot's $70,000 award by the total $30,783, for a net judgment of $39,217. The claims for prejudgment interest and attorney fees were denied. This appeal followed.

DOUBLE DAMAGES FOR WILLFUL WITHHOLDING OF WAGES

Mr. Allstot first contends the trial court erred in refusing to instruct the jury that it was authorized by RCW 49.52.050(2) and RCW 49.52.070 to award double damages for the Town's willful refusal to pay back wages. He argues that the issue of the Town's willfulness is at least a question of fact for the jury.

■■ Only those theories supported by substantial evidence must be presented to the jury. *Stiley v. Block*, 130

Wn.2d 486, 498, 925 P.2d 194 (1996). The trial court's decision to reject a proposed jury instruction is reviewed for abuse of discretion. *Id.* We will find abuse of discretion only if the trial court's exercise of discretion was manifestly unreasonable or based on untenable grounds. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 665, 989 P.2d 1111 (1999).

■■ Preliminarily, the Town claims that the issue of double damages was not pleaded and was untimely included in Mr. Allstot's trial brief just two weeks before trial. While CR 9(g) does require that any demand for special damages be specifically stated in the pleadings, the trial court is also directed by CR 54(c) to grant relief to the entitled party "even if the party has not demanded such relief in his pleadings." *See State ex rel. A.N.C. v. Grenley*, 91 Wn. App. 919, 930, 959 P.2d 1130 (1998). Accordingly, if the trial court had found merit in Mr. Allstot's statutory claim for double damages, it was obligated by CR 54(c) to grant that relief, even though the claim had not been included in the original pleadings. Further, because the parties argued the issue and the trial court ruled on it, it is treated as if it had been pleaded. *Id.* at 931 (citing *Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 766, 733 P.2d 530 (1987)).

■■ Double damages are authorized as a civil remedy under RCW 49.52.070 against any employer who "[w]ilfully and with intent to deprive the employee of any part of his wages, [pays the] employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050(2); *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 158, 961 P.2d 371 (1998). The statute provides that any employer who willfully refuses to pay an employee's wages is liable for twice the wages unlawfully withheld, together with the costs of the suit and reasonable attorney fees. RCW 49.52.070.

In this case, the trial court ruled that double damages are not applicable to a suit for back wages as a matter of law.

The court's reasoning was that back wages did not constitute pay for work actually done and therefore were not within the scope of RCW 49.52.050. Nothing in the statute indicates such a limited reading. Moreover, we are directed to liberally construe the statute to advance the legislative intent to protect employee wages and assure payment. *Ellerman v. Centerpoint Prepress, Inc.*, 143 Wn.2d 514, 520, 22 P.3d 795 (2001) (citing *Schilling*, 136 Wn.2d at 159). In the context of another statute, RCW 49.48.030 (attorney fees for successful recovery of wages or salary), "wages" has been construed to include back pay. *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 35, 42 P.3d 1265 (2002) (citing *Gaglidari v. Denny's Rests., Inc.*, 117 Wn.2d 426, 449-50, 815 P.2d 1362 (1991)). The basic requirements in RCW 49.52.050 are that the employer is obligated to pay a certain wage and intentionally pays a lower wage. Accordingly, protection of wrongfully withheld back wages is within the ambit of RCW 49.52.050.

We turn then to the applicability of the double damages provision to the facts of this case. The plain language of RCW 49.52.050(2) provides that the employer's obligation to pay must arise from "any statute, ordinance, or contract." The Town's obligation to pay arises in part from its violation of RCW 41.12.080, which provides that a city police officer may be discharged for several enumerated reasons, including any act that shows the offender is an unfit person to be employed in public service. RCW 41.12.080(7). Mr. Allstot was terminated for alleged misconduct. This court, in the first appeal of the civil service commission's ruling upholding his termination, reversed, finding insufficient evidence of misconduct. *Allstot v. Coulee Dam Civil Serv. Comm'n*, noted at 74 Wn. App. 1021 (1994). Because the Town terminated Mr. Allstot without proper grounds under RCW 41.12.080, and without cause under RCW 41.12.090, we ordered him reinstated. According to RCW 41.12.090, if it is found that the civil service employee was terminated without good cause, he or she must be immediately reinstated with pay from the time of dismissal. Consequently, the

Town's obligation to pay back wages for the time Mr. Allstot was unlawfully discharged arises from statute.

No Washington cases have addressed similar facts. However, a recent federal case applying Washington law, *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002), held that the double damages provision of RCW 49.52.070 does not apply when employees are paid unlawfully low wages in violation of federal and state antidiscrimination laws. According to *Hemmings*, RCW 49-.52.050 applies only when an employer has a preexisting duty under contract or statute to pay a specific compensation. When the employer's obligation to pay a specific amount does not legally accrue until a jury verdict, the employer cannot be said to have consciously withheld a quantifiable and undisputed amount of accrued pay. *Hemmings*, 285 F.3d at 1203. The dissent to *Hemmings* strenuously argues that the antidiscrimination laws provide a preexisting duty under statute to pay compensation equal to that paid to those who are not subject to discrimination. *Id.* at 1204-06 (Pregerson, J., dissenting). Both arguments, we believe, go to the critical element of RCW 49.52.050(2) that requires a finding of willful intent "to deprive the employee of any part of his wages."

■ ■ We will not find willful intent to deprive if the employer has a bona fide dispute as to the obligation to pay. *Pope v. Univ. of Wash.*, 121 Wn.2d 479, 490, 852 P.2d 1055, 871 P.2d 590 (1993). A bona fide dispute is one that is fairly debatable over whether all or a portion of the wages must be paid. *Schilling*, 136 Wn.2d at 161. For instance, when the employer deducts a disputed debt from the wages admittedly owed, the employer has not willfully withheld wages. *Pope*, 121 Wn.2d at 490.

In this case, the Town offered Mr. Allstot $30,783 in April 1998, representing the total back wages and retirement due minus offsets claimed by the Town, plus interest. This payment also represents the Town's undisputed obligation to Mr. Allstot. While the amount of the offset is debatable and therefore not subject to double damages, the fact that

the Town owed Mr. Allstot some portion of his back wages was never debatable. The crucial question is when the Town could have and should have determined how much it figured it owed. And that is a question of fact relevant to the Town's willfulness in withholding payment until 1998. *Pope*, 121 Wn.2d at 490 (the issue of an employer's willfulness and intent to deprive usually presents a question of fact). If the Town could have determined soon after Mr. Allstot was reinstated that it owed him at least $30,783, then delaying payment of that amount for four years might indicate willful withholding of wages.

In short, we find substantial evidence in the record to support a jury instruction on double damages under RCW 49.52.070. *Stiley*, 130 Wn.2d at 498. Because Mr. Allstot was not allowed to present this theory to the jury, we reverse and remand for a new trial.

PREJUDGMENT INTEREST

Mr. Allstot next contends the trial court erred in denying his claim for prejudgment interest on the back wages. He notes that the Town paid interest on its 1998 installment of back wages and argues that the Town should be held to its stipulation that he is entitled to prejudgment interest on the remaining unpaid wages. He also contends that under the common law, his interest on the entire amount due is justified because this amount could have been computed with exactness. The Town responds that it cannot be held liable for prejudgment interest on tort judgments, RCW 4.56.115; it did not enter into an authorized contract to pay such interest; and prejudgment interest is not available anyway because Mr. Allstot's wage claim was unliquidated.

The state and its political subdivisions are not liable for interest on judgments against them unless the liability arises from the reasonable construction of a statute or contract. *Fosbre v. State*, 76 Wn.2d 255, 256, 456 P.2d 335 (1969); *Teevin v. Wyatt*, 75 Wn. App. 110, 114, 876 P.2d 944 (1994). In his pleadings, Mr. Allstot contends he was wrong-

fully discharged in violation of RCW 41.12.090 (procedure for removal under the city police civil service statute) and the civil services regulations. Additionally, he contends he suffered damages "[a]s a direct and proximate result of the negligence of the Defendants." Clerk's Papers at 6. RCW 4.56.115 authorizes interest on tort judgments against a municipality, but limits that interest as accruing from the date judgment is entered. *Teevin*, 75 Wn. App. at 114-15. Mr. Allstot contends he abandoned his suit for tort remedies after the court entered partial summary judgment. However, his remaining claim is based on violation of RCW 41.12.090, which provides for back pay but not for prejudgment interest. Consequently, Mr. Allstot is not entitled by statute to interest on his back wages.

The inquiry does not end here, however, because a municipality's liability for interest on judgments against it may arise under the terms of a contract. *Fosbre*, 76 Wn.2d at 256; *Teevin*, 75 Wn. App. at 114. Here, the parties stipulated that Mr. Allstot is entitled to prejudgment interest of 12 percent per annum on his back wages. A stipulation agreement signed and subscribed by the attorneys representing the parties is a contract and its construction is governed by the legal principles applicable to contracts. *Riley Pleas, Inc. v. State*, 88 Wn.2d 933, 937-38, 568 P.2d 780 (1977); CR 2A.

Shortly before trial, the Town moved to amend the stipulation to remove the provisions for prejudgment interest and attorney fees, but no action on the motion is contained in the record. At any rate, this unilateral attempt to revoke terms of the agreement would not stand. *See Jones v. Best*, 134 Wn.2d 232, 240, 950 P.2d 1 (1998) (one party may not unilaterally modify a contract). Even if the Town argues that its agreement to pay prejudgment interest was based on its mistaken belief that Mr. Allstot was entitled to that recovery, the Town has not shown that the mistake was mutual. *In re Marriage of Schweitzer*, 132 Wn.2d 318, 328, 937 P.2d 1062 (1997) (a party asserting mutual mistake must show with clear, convincing evidence

that both parties were mistaken). The Town offers no argument that the terms of the stipulation are void or voidable. Under the clear terms of the stipulation, Mr. Allstot is entitled to prejudgment interest of 12 percent on his back wages. Because he already received interest on the amount paid in April 1998, prejudgment interest on the additional wages awarded after trial will date from April 1998.[3]

To summarize, Mr. Allstot is entitled to prejudgment interest under the terms of the parties' stipulation in support of the partial summary judgment. Further, he is entitled to the benefit of the stipulation made by the parties that the Town's 1998 payment of $30,783 included $8,989 in interest. The jury was instructed to determine the amount of back wages due minus offsets for employment and/or disability during the term of unemployment. It awarded Mr. Allstot $70,000. In crediting the Town for payments already made on this judgment, the trial court treated the 1998 payment as a lump sum of $30,783. But only $21,802 of that payment may be credited toward back wages and retirement benefits. The $8,989 in interest was offered and accepted in good faith and was clearly specified as interest in the parties' stipulation. Accordingly, Mr. Allstot's award should have included an additional $8,989, representing the interest agreed upon by the parties.

## ATTORNEY FEES

Mr. Allstot's request for reasonable attorney fees at trial was denied and he was awarded statutory attorney fees and costs. On appeal, he contends he is entitled to reasonable attorney fees both at trial and on appeal pursuant to RCW 49.48.030. The statute provides that

---

[3] In light of Mr. Allstot's entitlement to prejudgment interest under the stipulation agreement, we do not address his argument that he is entitled to prejudgment interest under common law. This is to his benefit, for he failed to carry his burden of showing that his claim was liquidated and therefore subject to prejudgment interest. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968); *Kiewit-Grice v. State*, 77 Wn. App. 867, 872, 895 P.2d 6 (1995).

[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

RCW 49.48.030. The Town argues that attorney fees are not authorized by the civil service statutes, specifically RCW 41.12.090, which merely provides that a successfully reinstated civil servant is entitled to compensation from the time of his or her wrongful discharge. Because attorney fees are not specifically authorized by RCW 41.12.090, the Town contends, they are not recoverable. The Town fails to consider the purpose and effect of RCW 49.48.030.

 RCW 49.48.030 is a remedial statute that must be liberally construed to effectuate its purpose. *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 41-43, 42 P.3d 1265 (2002). In *Fire Fighters*, 146 Wn.2d at 43-44, the Supreme Court reiterates that RCW 49.48.030 requires a court to award attorney fees in *any* action where an employee receives wages or salary owed (as long as those wages are more than the employer offered). The appellants in *Fire Fighters* were a labor union and two of its members, who successfully recovered wages from the City of Everett in a grievance arbitration hearing and later filed suit to recover attorney fees. Regardless of the nature of the proceeding that leads to recovery of wages or salary owed, the Supreme Court held the successful litigant is entitled to an award of reasonable attorney fees. *Fire Fighters*, 146 Wn.2d at 43-44. Additionally here, the parties entered into a stipulation agreement providing attorney fees to Mr. Allstot. Accordingly, he is entitled to attorney fees and costs pursuant to RCW 49.48.030 and the terms of the stipulation agreement.

The jury's award of $70,000 was more than the $21,802 offered by the Town for back wages and retirement benefits. In light of RCW 49.48.030 and *Fire Fighters*, this case is

remanded for determination of an award of reasonable attorney fees expended at trial. Mr. Allstot is also entitled to attorney fees on appeal. *Fire Fighters*, 146 Wn.2d at 51.

Reversed and remanded for retrial.

BROWN, C.J., and SWEENEY, J., concur.

Reconsideration denied December 17, 2002.

Review denied at 149 Wn.2d 1028 (2003).