IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Kathryn Learner Family Trust, | ) | No. 31581-9-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| James Dean Wilson, individually and as | ) | |
| administrator of the estate of Elsa Burgett; | ) | |
| and John and Jane Does 1-10, | ) | |
| | ) | |
| Respondent and | ) | |
| Cross-Appellants. | ) | |

LAWRENCE-BERREY, J. — This case presents an issue of first impression in Washington: Whether a prevailing party in a contract action is entitled to attorney fees when it fails to assert such a right in response to a pleading that requests contractual attorney fees. The lower court concluded that attorney fees are special damages under CR 9(g), and that the failure to plead them prevents their award. We hold that CR 54(c) creates an exception: Where, as here, the nonprevailing party makes a claim for contractual attorney fees, such party has sufficient notice that attorney fees are awardable so that CR 54(c) obligates their award to the prevailing party. We therefore reverse.

## FACTS

The Kathryn Learner Family Trust (Trust) leases property from James Wilson and the Estate of Elsa Burgett (collectively Mr. Wilson). In September 2009, the Trust filed a lawsuit against Mr. Wilson seeking a declaratory judgment concerning the parties' lease. The Trust asked the court to interpret rent provisions of the lease, to determine the amount the Trust owed to Mr. Wilson, and to direct the Estate to complete probate. The complaint stated that it was not seeking a money award, and did not include a demand for attorney fees.

By February 2010, Mr. Wilson had not answered the declaratory judgment action. The Trust filed a motion for default judgment. On February 16, Mr. Wilson answered the Trust's declaratory judgment complaint. In the same filing, he alleged a counterclaim against the Trust for material breach of the lease and intentional misconduct and knowing violation of the law. He requested monetary damages. Mr. Wilson also sought an award of attorney fees and costs as provided by the lease contract. The Trust answered the counterclaim, denied that the relief requested by Mr. Wilson was appropriate, but (again) did not request an award of attorney fees.

In July 2011, the Trust moved for summary judgment on the declaratory relief claim. It still did not request attorney fees. Eventually, on August 17, 2012, the trial

2

court granted summary judgment in favor of the Trust, adopting the Trust's interpretation of the contract. Mr. Wilson voluntarily dismissed his counterclaim on September 14.

On September 24, the Trust filed a motion for an award of attorney fees, requesting over $130,000. The Trust argued that it was entitled to attorney fees under the express terms of the lease. The lease stated, "In the event of suit or action brought because of or to enforce provisions herein, the prevailing party in such suit or action shall be entitled to recover reasonable attorney fees in addition to such other relief as the Court may grant." Clerk's Papers (CP) at 379. The Trust contended that it was the prevailing party because the court entered summary judgment in favor of the Trust and because Mr. Wilson voluntarily dismissed his counterclaim.

In a comprehensive letter opinion, the trial court denied the Trust's motion for attorney fees. The court noted that the lease provided for an award to the prevailing party, and determined that the Trust was the prevailing party. However, the court held that the Trust's failure to plead contractual attorney fees barred its request. Specifically, the Trust failed to serve upon Mr. Wilson a complaint that gave him fair notice of the relief sought and the legal theory supporting the relief. The court explained that pleading requires notice sufficient to allow the opposing party to make an informed decision at the

3

inception of litigation, not only to consider the probability of success, but also to estimate what might be lost or won in the enterprise.

The trial court, citing federal authority interpreting Fed. R. Civ. P. 9(g), held that attorney fees are special damages under CR 9(g); and as special damages, if not pleaded, were deemed waived. Additionally, the court determined that CR 54(c) could not be used as a basis to support the Trust's request for attorney fees because CR 54(c) is reserved to save a defective complaint only when the unpleaded issue is actually litigated at trial. The Trust appeals.

## ANALYSIS

We apply de novo review to a trial court's conclusion of whether it has a basis for awarding attorney fees. *Gander v. Yeager*, 167 Wn. App. 638, 646-47, 282 P.3d 1100 (2012).

The Trust contends that it is allowed attorney fees because attorney fees are considered costs not damages. Based on *State ex rel. A.N.C. v. Grenley*, 91 Wn. App. 919, 930, 959 P.2d 1130 (1998) and CR 54(d), the Trust maintains that a party is allowed to recover costs regardless if such relief is requested in the complaint. Alternatively, the Trust contends that the trial court was required to award attorney fees under CR 54(c), which grants relief to the prevailing party if entitled, even if the party did not demand

4

such relief in its pleadings. We agree with the Trust's alternative argument and, therefore, decline to comment on *Grenley* and its analysis of CR 54(d).

Here, the Trust's right to recover attorney fees is provided by the lease. The lease states that the prevailing party "shall be entitled to recover reasonable attorney fees in addition to such other relief as the Court may grant." CP at 379.

The first question is whether a party must plead a right to recover attorney fees when relying on a contractual provision as the basis for the award. We conclude that attorney fees, when based on a contractual provision, are considered special damages that generally must be pleaded.

Pleading a contractual entitlement to attorney fees is needed to give the opponent notice of the claim. Common law requires that a party seeking attorney fees must bring himself within the operation of some provision to be entitled to a judgment against his opponent. *State ex rel. Macri v. City of Bremerton*, 8 Wn.2d 93, 112, 111 P.2d 612 (1941). A complaint for relief should contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." CR 8(a). A pleading is insufficient when it does not give the opposing party fair notice of a claim and the ground upon which it rests. *Lewis v. Bell*, 45 Wn. App. 192, 197, 724 P.2d 425 (1986). "A party who does not plead

a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along." *Dewey v. Tacoma Sch. Dist. No. 10*, 95 Wn. App. 18, 26, 974 P.2d 847 (1999).

A party who claims attorney fees under a provision of a contract is demanding material relief. The requesting party must give the opposing party notice of such a request and the basis in law for the request. Contractual attorney fees are not available for every contract and notice must be given that the attorney fee provision of the contract is under review by the court. As stated by the trial court here, requiring a party to plead attorney fees provides the opposing party not only with a "meaningful opportunity to meet the merits of the pleader's claim, but also a chance to make an informed decision to undergo the risks of litigation." CP at 792.

More specifically, attorney fees are special damages that must be pleaded when the right to recover the fees arises from a contractual provision. "'General damages' are those which are the natural and necessary result of the wrongful act or omission asserted as the basis for liability. They are presumed by or implied in law to have resulted from the injury." *Jensen v. Torr*, 44 Wn. App. 207, 214, 721 P.2d 992 (1986). In comparison, "'[s]pecial damages,' arising from the special circumstances of the case, are the natural, but not the necessary, result of an injury and are not implied in law." *Id.* (citing 22 AM.

6

JUR. 2d *Damages* § 15 (1965); 25 C.J.S. *Damages* § 2 (1966); *see* RESTATEMENT (SECOND) OF TORTS § 904 (1979)). Attorney fees arise from the special circumstances of the contract and are not implied by law. Thus, they are special damages. "When items of special damage are claimed, they shall be specifically stated [in the complaint]." CR 9(g). Indeed, federal courts have held that attorney fees are special damages that must be specifically pleaded under Fed. R. Civ. P. 9(g). *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996) (citing *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3rd Cir. 1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)."); *W. Cas. & Sur. Co. v. Sw. Bell Tel. Co.*, 396 F.2d 351, 356 (8th Cir. 1968) ("Claims for attorneys' fees are also items of special damage which must be specifically pleaded under Fed. R. Civ. P. 9(g)."); *In re Am. Cas. Co.*, 851 F.2d 794, 802 (6th Cir. 1988); 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1310 (1990)). "Failure to plead waives the right to attorneys' fees." *Id.* (citing *Maidmore*, 474 F.2d at 843; *Western*, 396 F.2d at 356; 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1312 (1990)).

The second question is whether there is any exception to the above general rule. CR 54(c) provides that "[e]xcept as to a party against whom a judgment is entered by

default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." In *Allstot v. Edwards*, 114 Wn. App. 625, 632, 60 P.3d 601 (2002), the court determined that special damages were available to the plaintiff under CR 54(c) even though he did not demand special damages in the complaint as required by CR 9(g). The plaintiff included the issue of double damages in his brief two weeks before trial. *Id.* The court held, "[I]f the trial court had found merit in Mr. Allstot's statutory claim for double damages, it was *obligated* by CR 54(c) to grant that relief, even though the claim had not been included in the original pleadings. Further, because the parties argued the issue and the trial court ruled on it, it is treated as if it had been pleaded." *Id.* (emphasis added).

In *Allstot*, the plaintiff raised the issue of double damages two weeks before trial. Here, Mr. Wilson raised the issue of attorney fees in February 2010, a full *18 months* before the court entered its August 2012 summary judgment in favor of the Trust. By raising the issue of contractual attorney fees, Mr. Wilson acknowledged that he knew of the attorney fee provision in the lease and that the prevailing party in the litigation would be entitled to attorney fees. We hold that where the nonprevailing party actually knows the basis for a contractual fee award and requests fees, that the failure of the prevailing party to explicitly make such a request does not bar that party from later requesting

8

contractual attorney fees. By raising the issue in his answer 18 months prior to the litigation concluding, Mr. Wilson unquestionably had that type of notice intended by CR 9(g), and we hold that it was error for the lower court to deny the Trust's request for contractual attorney fees.

In sum, a claim for contractual attorney fees generally must be pleaded for such relief to be granted. Contractual attorney fees are not automatically awarded to the prevailing party but are special damages that must be pleaded. Pleading these special damages allows the opposing party a meaningful opportunity to meet the merits of the claim and a chance to make an informed decision. This general rule is subject to CR 54(c). Under that rule, the trial court is obligated to award reasonable attorney fees when the issue is raised sufficiently before trial so that the nonprevailing party had sufficient notice to make an informed decision of the risks and benefits of continued litigation. It makes no difference which party raises the issue, because the requirement of notice to the nonprevailing party is fulfilled regardless.

Both parties request attorney fees on appeal as the prevailing party. RAP 18.1 entitles a party to attorney fees on appeal if allowed by law. A party may be awarded attorney fees based on a contractual fee provision at the trial and appellate court level. *Kaintz v. PLG, Inc.*, 147 Wn. App. 782, 785, 197 P.3d 710 (2008). The lease between the

No. 31581-9-III
*Kathryn Learner Family Trust v. Wilson*

Trust and Mr. Wilson allows for attorney fees to the prevailing party. Provided that the

Trust complies with RAP 18.1(d), it is awarded attorney fees on appeal.

We reverse and remand with directions for the lower court to award reasonable

attorney fees to the Trust incurred at that level.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Fearing, J.

10