# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SAVIBANK, a Washington bank, | No. 82880-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| AARON LANCASTER, a single man, | |
| Appellant, | |
| DENNIS DEMEYER and DELORES DEMEYER, husband and wife; ANGELA SHORES QUINN, a married woman; WELLS FARGO BANK, N.A.; STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES; JOHN and JANE DOES, Nos. 1 through 5, unknown occupants of the subject real property; and all other persons or parties unknown claiming any right, title, estate, lien or interest in the real property described herein, | |
| Defendants. | |

BIRK, J. — When Aaron Lancaster stopped making mortgage payments on his farm, his lender, SaviBank, filed a foreclosure and repossession action in Whatcom County Superior Court. Lancaster appeals from the superior court's rulings in favor of SaviBank, asserting that imposing an 18 percent default interest rate during a pandemic is unconscionable. We affirm the trial court and award reasonable attorney fees and costs on appeal to SaviBank.

I

In order to purchase his father's Whatcom County farm, Aaron Lancaster obtained a $675,000 loan from SaviBank in 2018. The farm's appraised value was $1.2 million.

Lancaster's loan documents included a two page promissory note, which designates the loan date of February 21, 2018 and provides for repayment of the loan at an annual interest rate of 6.75 percent. Under the heading "INTEREST AFTER DEFAULT," the note states, "Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000% per annum." The loan was secured by a mortgage against the farm and a security agreement granting SaviBank interests in Lancaster's personal property, including two livestock trailers.

Lancaster stopped making mortgage payments in November 2019. Three months later, SaviBank notified him by letter that he was in default. SaviBank exercised its right to accelerate, declaring the unpaid principal balance and accrued unpaid interest and late fees immediately due and payable. SaviBank filed a foreclosure and repossession action in Whatcom County Superior Court on June 10, 2020.

SaviBank sought summary judgment, including a monetary award for amounts owed, judicial foreclosure of the real property, and repossession of the personal property serving as collateral. The motion was granted, in part, with the court reserving determination of the final interest rate pending its ruling on Lancaster's "unconscionability affirmative defense to the 18% default interest rate."

In June 2021, the court granted SaviBank's second summary judgment motion, dismissing Lancaster's unconscionability defense and awarding SaviBank a final judgment, decree of foreclosure, and writ of replevin. Three months later, the farm was sold at public auction to SaviBank for $889,113. At the time of foreclosure, interest at the default rate of 18 percent totaled more than $90,000.

Lancaster appealed.

## II

Lancaster opposed SaviBank's first motion for summary judgment by presenting defenses that had not been pleaded, asserting that the bank had a duty to disclose other loan options, and that the default interest rate is unconscionable. He presented a variety of amendments to the answer and a cross claim for fraud and misrepresentation in a series of filings. Next, he moved to amend the answer and to assert a cross claim for violation of Washington's consumer protection law.

The trial court granted the motion to amend, in part: "Defendant Lancaster is allowed to amend his answer to include an affirmative defense of procedural and substantive unconscionability to SaviBank's claim for 18% default interest." Requests to amend in all other respects were denied "on the basis that they fail as a matter of law."

## A

Lancaster assigns error to the trial court's ruling on the motion to amend the answer and to the dismissal of the cross claim for damages.

"The decision to grant leave to amend the pleadings is within the discretion of the trial court." Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999).

3

The trial court's decision "will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

"The touchstone for denial of an amendment is the prejudice such amendment would cause the nonmoving party." Caruso v. Loc. Union No. 690, Int'l Brotherhood of Teamsters, 100 Wn.2d 343, 350, 670 P.2d 240 (1983).

Here, the trial court acted within its discretion in determining that the efforts to add new contentions in response to SaviBank's summary judgment motion were prejudicial. The motion to amend came almost six months into the case. It would have greatly expanded the scope of the action, necessitating potentially extensive discovery not previously relevant, and not based on any new facts, new information, or new analyses not in Lancaster's possession from the start of the action. The motion was interposed only as a defensive measure in response to a dispositive motion with strong merit. It would have necessitated delaying the properly set merits adjudication to which SaviBank was entitled. And, finally, the proposed amendments appear futile.

To the extent Lancaster offered any substantive basis for his claims of fraud, misrepresentation, and violation of the Consumer Protection Act, chapter 19.86 RCW, he asserted that SaviBank did not disclose to him the availability of alternative loans or loan guarantees with supposedly better terms. But he offered no proposed pleadings compliant with CR 11 that would have supported a duty to

4

affirmatively advise him, nor that he would have qualified for a more favorable loan, nor that there was any other unfair or deceptive act or practice by SaviBank.

Lancaster bases the argument that SaviBank had a duty to disclose potentially better loan alternatives on Tokarz v. Frontier Fed. Sav. & Loan Ass'n, 33 Wn. App. 456, 656 P.2d 1089 (1982). But Tokarz acknowledged the possibility of a duty to disclose only in "special circumstances." Id. at 462. These "special circumstances" were lacking in Tokarz and are similarly lacking in any of Lancaster's well-pleaded allegations. Tokarz explained (in a setting where the fact that was claimed to be omitted was that a contractor was in financial difficulty) as follows:

> There is no allegation or evidence that Frontier (1) took on any extra services on behalf of Tokarz other than furnishing the money for construction of a home; (2) received any greater economic benefit from the transaction other than the normal mortgage; (3) exercised extensive control over the construction; or (4) was asked by Tokarz if there were any lien actions pending. In fact, section 2, paragraphs 2 and 7 of the contractual agreement between the parties specifically limited Frontier's participation and liability. The parties did not contractually agree to impose on Frontier an additional duty to disclose financial information regarding the builder, nor does Frontier's conduct impliedly create such a duty. To hold otherwise would impose an awesome burden on lenders to notify all of their customers whenever a contractor had difficulties.

Id. at 462-63 (footnote omitted). Here, Lancaster similarly failed to support the existence of any similar relationship which would impose on SaviBank a duty to disclose to him the speculative possibility that he could have obtained more advantageous loan terms than he accepted with SaviBank.

The trial court correctly limited Lancaster solely to the affirmative defense of unconscionability as to SaviBank's default interest rate.

B

"The existence of an unconscionable bargain is a question of law for the courts." Nelson v. McGoldrick, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995).

Washington courts recognize two categories of unconscionability that may void a contract term: (1) substantive unconscionability, involving a term that is "one-sided or overly harsh," and (2) procedural unconscionability, involving "blatant unfairness in the bargaining process and a lack of meaningful choice." Beroth v. Apollo Coll., Inc., 135 Wn. App. 551, 560, 145 P.3d 386 (2006); Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 303, 103 P.3d 753 (2004); Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 518, 210 P.3d 318 (2009). Either substantive or procedural unconscionability is sufficient to void an agreement. Burnett v. Pagliacci Pizza, Inc., 196 Wn.2d 38, 54, 470 P.3d 486 (2020).

In the present case, the trial court correctly determined that SaviBank's 18 percent default interest rate is neither substantively nor procedurally unconscionable. SaviBank asserted, without rebuttal, that "[a]n 18% default interest rate is very common in commercial and agricultural loans provided by SaviBank and other banks in the industry." Lancaster had even agreed years earlier to the same rate for another loan with SaviBank. In addition, Lancaster failed to show impropriety in the formation of the parties' agreement. He was able to review the loan documents in an outside lawyer's office, the terms of the agreement were standard and straightforward, and he made the choice to accept SaviBank's loan offer, including the default interest rate.

Likewise, Lancaster provided no facts that would support the argument that the COVID-19 pandemic caused him to default on his mortgage payments or made the default interest rate unconscionable. In examining a claim of unconscionability, the court considers "the circumstances at the time the contract was made." State v. Brown, 92 Wn. App. 586, 601, 965 P.2d 1102 (1998). Lancaster agreed to the terms of the loan, including the default interest rate, in February 2018—two years before the pandemic lockdown in Washington. And he stopped making mortgage payments in November 2019—months before the outbreak began.

"Once a party moving for summary judgment makes an initial showing that there is no genuine issue of material fact, the nonmoving party must demonstrate the existence of such an issue by setting forth specific facts which go beyond mere unsupported allegations." Tokarz, 33 Wn. App. at 466; CR 56(e).

Lancaster presented neither legal nor factual support for an unconscionability defense.

The trial court correctly granted summary judgment to SaviBank.

C

Both parties request attorney fees on appeal. "[A]ttorney fees may be awarded when authorized by a contract, a statute, or a recognized ground in equity." Kaintz v. PLG, Inc., 147 Wn. App. 782, 785, 197 P.3d 710 (2008). "A party may be awarded attorney fees based on a contractual fee provision at the trial and appellate court level." Kathryn Learner Fam. Tr. v. Wilson, 183 Wn. App. 494, 502, 333 P.3d 552 (2014). In this case, the loan documents provide that the lender may recover attorney fees and expenses if the borrower does not pay.

7

Provided it complies with RAP 18.1(d), SaviBank is awarded attorney fees on appeal.

III

We affirm the trial court and award reasonable attorney fees and costs on appeal to SaviBank.

_Birk, J._

WE CONCUR:

_Coburn, J._        _Dwyer, J._